JOHN M. ARMSTRONG, Administrator, v. JASPER STOWE, Executor.

*Executors and Administrators—Removal of, for Failure to Account.*

Integrity on the part of a personal representative, shown by an open hand, full and accurate accounts and frequent reports, constitutes the chief safe-guard to a decedent's estate ; *Therefore,* where an executor who had remained in his office as such for twenty years and had made no statement of the account of his testator's estate ; *Held,* that he was properly removed from his office by the Judge of Probate.

SPECIAL PROCEEDING commenced in the Probate Court of GASTON County, and heard on the 1st day of June, 1877, at Chambers in Charlotte, before *Cloud, J.*

The plaintiff is administrator of Nathan Foard, and had recovered judgment for a considerable sum against the defendants, Jasper Stowe, E. B. Stowe and W. A. Stowe, executors of Larkin Stowe. The judgment was obtained in an action upon the official bond of Jasper Stowe, as guardian of plaintiff's intestate, Nathan Foard, to which bond the defendants' testator, Larkin Stowe, was surety, who at the time of his death in 1857, owned real and personal estate

amounting to about $25,000, of the disposition of which no account has ever been filed.

It was further alleged that the defendants had instituted proceedings to subject a portion of their testator's land to the payment of his debts; that said defendants were insolvent, and that the plaintiff as a creditor of said estate would be unable to realize anything on his debt, unless the defendants were removed from their office as executors, and some competent person appointed administrator with the will annexed.

In their answer, the defendants alleged that the personal property which remained after the emancipation of the slaves, was sold, and the proceeds applied to the payment of debts, and a return thereof made according to law; and as they believed that all the debts for which the said estate was liable were paid, they filed no final account or settlement of the estate, especially as all the heirs and distributees were of full age; that they have never used any part of said proceeds on their own account, but applied the same to the payment of the debts of their testator in good faith; and that they filed said petition for the sale of land with the *bona fide* intention of applying the proceeds thereof to the payment of his outstanding debts.

Upon the hearing of the case in the Probate Court, the letters testamentary were revoked, and the defendants appealed to the Judge of the District, who affirmed the decision of the Judge of Probate, and gave judgment accordingly. From this ruling the defendants appealed.

*Messrs. Wilson & Son*, for plaintiff.
*Mr. A. Burwell*, for defendants.

READE J. The following safeguards are placed by the law around the estates of deceased persons; (1.) The persons most interested shall be appointed to manage them. Bat.

Rev. ch. 45, § 3; (2.) They must be persons "competent" to do the business; (3.) They must give bonds and sureties; (4.) They must take oaths, § 15; (5.) They must render accounts, § 25; (6.) Upon failure to do which they are liable to indictment and imprisonment; and (7.) To removal.

Some of these safeguards are omitted in case of executors, where much is left to the discretion of the testator, as he may appoint whom he please, unless the person be expressly disqualified, and may or may not require bond.

After all, the chief safeguard and the one most valued, is *integrity*, shown by an open hand, full and accurate accounts, and frequent reports.

The defendants have been in their office of executors for twenty years. They returned no inventory of the estate which came to their hands, which was their first and most important duty; and so far as appears, the secret to this day is locked up in their own breasts. They have rendered no account current showing what they have received and what they have paid out, and have not made or offered to make any "final settlement." The excuse which they render is, that they did make a report of sales, and as they paid off all the debts of which they had knowledge and had nothing left, and the legatees were all of age, they thought an account unnecessary.

Now the Judge of Probate might very well have doubted the accuracy of the statement, that the debts of the estate and the assets fitted precisely—not a dollar too much or too little. And the fact that the legatees were all of age made no difference; because an account not rendered was just as unintelligible to an adult as to an infant.

But the defendants are mistaken in supposing that they had paid off all the debts of which they had knowledge; for the large debt now claimed by plaintiff and for which he has judgment, was owing by defendant, Jasper Stowe, as guardian, with his testator as his surety. He may well be sup-

posed to have known that he was a defaulter to his ward, and that his testator was his surety. And it was his duty, instead of delivering over the property to the legatees to be by them squandered, to have subjected the property to the payment of the plaintiff's debt. As it is, the plaintiff's debt seems to be in jeopardy. Everything is gone but the land ; that has been delivered over to the legatees ; some of them have sold ; and two years have elapsed, and only what remains unsold with some of the legatees, remains to satisfy the plaintiff's debt. This remnant the defendants seek to get their hands upon. The plaintiff may well be alarmed. It is true that the Court may require of the defendants a bond, but a bond cannot supply the want of integrity. They have already been guilty of malfeasance in office. They have spent their own estate. The defendant, Jasper, has spent his ward's estate. They have squandered or allowed to be squandered their testator's estate, and they have no excuse unless it be in " the fashion of the times " which the Courts ought to rebuke.

We agree with His Honor, and we are gratified to agree also with the Probate Judge, that the defendants ought to be removed.

There is no error. Let this be certified.

PER CURIAM. Judgment affirmed.