PETER McRAE, Adm'r, v. CHALES MALLOY.

*Demand—Interest—Executors and Administrators.*

Where a definite sum is ascertained to be due to a distributee upon settlement of an estate, and ordered to be paid, no demand is necessary before suit brought to entitle him to interest on the amount from the date of the decree.

(*Harrion* v. *Bowie,* 4 Jones Eq., 201 ; *State* v. *Blount,* 1 Hay., 4 ; *Hunt* v. *Jucks, Ib.,* 173 ; *Norment* v. *Brown,* 79 N. C., 363 ; *McDowell* v. *Tate,* 1 Dev., 249, cited and approved.)

Civil Action tried at Spring Term, 1882, of Richmond Superior Court before *Shipp, J.*

The plaintiff alleged that Alexander Malloy died in the year 1878, and the plaintiff during the same year was appointed and qualified as his administrator, and that the defendant in the lifetime of his intestate executed to him the bond sued on, which is as follows : " One day after date I promise to pay Alexander Malloy, or order, the sum of five hundred dollars, for value received of him." (Signed and sealed by C. Malloy on January 27th, 1872.)

The defendant pleaded as a counter-claim that the intestate of the plaintiff on or about the 26th day of October, 1872, became indebted to the defendant in the sum of about four hundred and fifty-seven dollars on account of money received by him as commissioner, appointed by the probate court of Richmond county, to sell lands of John Malloy, deceased, for partition, in the case of David Malloy and others—the defendant being one of the tenants in common, and entitled to a share of the proceeds of sale received by said intestate as such commissioner; that the exact amount could not be stated, but would appear by reference to the pleadings and proceedings in said cause, or could be determined therefrom by computation.

The plaintiff replied, that he had no knowledge or information sufficient to form a belief as to the truth of the defence; and further, that no demand was made by defendant for the amount claimed in the counter claim, or the interest on the same prior to the commencement of this action;

The case at fall term, 1880, was referred by order of the court to John W. Cole and R. A. Johnson to take and state an account, and at fall term, 1881, in pursuance of the order, the referees reported " that in an action or proceeding pending in this court for the sale of land for partition among the heirs of John Malloy, deceased, the plaintiff's intestate was appointed by the court commissioner to effect the sale, and that the purchase money of the lands sold by him amounted to thirty-one hundred and ninety-three $\frac{20}{100}$ dollars, which was received by him previous to the 29th of March, 1875, and that on that day by a decree of the court the sale of the lands was confirmed, and plaintiff's intestate ordered to make title to the purchasers. It was further ordered in said decree that the plaintiff's intestate first pay the costs of the proceeding incurred up to that time, including the allowance to which he was entitled under the law for selling the lands and making title, and that he pay one seventh of the

balance to the defendant, Charles Malloy, to which it was adjudged he was entitled as one of the heirs of John Malloy, deceased; that the allowance to the commissioner was $51.93 and the costs amounted ᵗto $37.50 leaving in the hands of the plaintiff's intestate, as commissioner, the sum of $3,104.47 the one seventh of which is $443.50 to which the defendant was entitled.

They further reported that the defendant was entitled to a credit for that amount with interest from a reasonable time thereafter—say thirty days—as a counter-claim to the plaintiff's action, and allowing him credit for that amount with interest from the 29th of April, 1875, leaving a balance of $176.42 due the plaintiff on the 21st day of November, 1881.

. The plaintiff excepted to so much of the report as allowed the defendant interest on $443.50 from thirty days after the 29th of March, 1875, for the reason that defendant made no demand for said money before the institution of this action.

His Honor overruled the exception and gave judgment in behalf of the plaintiff for the balance due on the bond of the defendant, after deducting the amount found by the referees to be due to the defendant from the plaintiff's intestate. From this judgment the plaintiff appealed.

No counsel for plaintiff.
*Messrs. Burwell & Walker,* for defendant.

ASHE, J. We do not think in a case like this a demand is necessary to give the defendant a right of action, or interest in his claim.

The plaintiff's intestate had received money which belonged to the defendant, and the court had ordered him to pay it to the defendant, which it had the right to do. The order of the court made the plaintiff's intestate debtor to the defendant, and holding that relation to him, he like any other debtor was bound to seek the defendant and pay him. And it is a general rule established in this state, that when-

ever one person has the money of another and knows what sum he ought to pay, he must pay interest on the same. *Harrison* v. *Bowie*, 4 Jones Eq., 261; *State* v. *Blount*, 1 Hay. 4; *Hunt* v. *Jucks, Ib.* 173.

In this case it is true the decree of the court had not ascertained with exactness the amount due by the plaintiff's intestate to the defendant, but it had settled the amount with such certainty that it required only a simple computation to ascertain the exact sum due, and *id certum est quod certum reddi potest.*

The referees might very properly have given the defendant interest on his counter-claim from the date of the decree; for the plaintiff being the creditor of the defendant and having money in his hands due to him, in legal intendment it was a payment. *Norment* v. *Brown,* 77 N. C., 363; *McDowell* v. *Tate,* 1 Dev., 249. And there is no doubt from the circumstances of the case, the original parties so considered it; otherwise we would be at a loss to conjecture why the defendant allowed his dividend of the proceeds of the sale of the land to remain for some four years in the hands of the plaintiff's intestate, and never set up any claim to it until this action was brought.

If it had been allowed as a payment, it would have satisfied the defendant's bond *pro tanto,* and of course would have stopped the interest on so much of it. And it would have amounted to about the same as if they had allowed the defendant interest from the date of the decree.

The referees, however, gave him interest on his counter-claim only after thirty days from the decree, instead of from that date, which was erroneous, but as no exception was taken by the defendant to this ruling of the referees upon this point, their report must stand and the plaintiff's exception must be overruled.

There is no error. The judgment of the court below is affirmed.

No error.                                    Affirmed.