IN THE MATTER OF THE ESTATE OF ALMA M. SNIPES, DECEASED

No. 799SC374

(Filed 5 February 1980)

1. **Clerks of Court § 3; Wills § 61— validity of dissent to will—jurisdiction of clerk of court**

   A clerk of superior court had exclusive original jurisdiction to determine the validity of a dissent by a surviving spouse to the will of a deceased spouse.

**2. Wills § 61— validity of dissent from will—motion for relief from judgment**

    A clerk of superior court properly denied an executrix's Rule 60(b)(6) motion for relief from the clerk's judgment determining that a dissent to a will was valid made on the ground that irregularities had prevented a full and fair hearing before the clerk.

**3. Courts § 6.1— validity of dissent to will—appeal from clerk's judgment—failure to hear subpoenaed witness**

    In an appeal from a judgment of the clerk finding that a dissent to a will was valid, the superior court did not err in failing to hear a witness subpoenaed by the executrix of the will since the authority of the superior court was limited to review of the clerk's findings and conclusions of law.

APPEAL by executrix from *Smith, David I., Judge.* Judgment entered 12 February 1979 in Superior Court, PERSON County. Heard in the Court of Appeals 29 November 1979.

Alma Snipes died testate, survived by her husband, Harvey Snipes. Alma's will was admitted to probate in Person County on 7 December 1977. From a gross estate valued at approximately $83,400, Alma bequeathed to Harvey life insurance proceeds in the amount of $1,000. On 25 May 1978, a dissent to the will was filed by Harvey, through his attorney-in-fact, Caroline Trickey. On the same date the dissent was filed, notice was served upon the executrix that the dissent had been filed. On 19 June 1978, executrix caused to be filed with the Clerk notice of a motion for an order disallowing the dissent. This motion was heard before the Clerk on 27 June 1978. On 24 July 1978, the Clerk entered judgment finding that the dissent was in proper form and duly filed, and concluding that Harvey was entitled to receive one half of the net estate of his deceased wife. There was no appeal from that judgment.

On 20 December 1978 the executrix filed a motion with the Clerk pursuant to G.S. 1A-1, Rule 60 for relief from the judgment of 24 July 1978. On 2 January 1979, executrix filed an amendment to the motion of 20 December 1978. On 23 January 1979, the Clerk entered a judgment denying the executrix's motion for relief from the prior judgment. The Clerk's judgment of 23 January 1979 was appealed to the Superior Court. On 12 February 1979 Judge Smith heard the appeal and entered his judgment affirming the judgment of the Clerk.

*Mount, White, King, Hutson, Walker & Carden, by R. Michael Carden and Albert W. Oakley, for the respondent appellee.*

*Watson, King & Hofler, by R. Hayes Hofler III, for the petitioner appellant.*

WELLS, Judge.

In her appeal from Judge Smith's judgment of 12 February 1979, executrix assigned as error the failure of the trial court to allow her motion for relief from judgment and for the trial court's rendering its judgment without hearing a witness who had been duly served with a subpoena.

In her Rule 60(b) motion, executrix asserted as grounds for relief lack of jurisdiction of the Clerk and irregularities preventing a full and fair hearing.

[1] The first question presented in this appeal is whether the Clerk of Superior Court has exclusive original jurisdiction to determine the validity of a dissent by a surviving spouse to the will of a deceased spouse. The answer to that question must be in the affirmative. In this State, the Clerk is given exclusive original jurisdiction of the administration, settlement and distribution of estates except in cases where the Clerk is disqualified to act. G.S. 28A-2-1; *In re Estate of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976). *See also, Beck v. Beck*, 36 N.C. App. 774, 245 S.E. 2d 199 (1978). A dissent has no meaning or legal effect except as it relates to a will admitted to probate. The right, time and manner, and effect of the filing and recording of a dissent to a will are all matters within the probate jurisdiction of the Clerk.

[2] The next question presented is whether the trial court erred in failing to grant executrix's Rule 60(b)(6) motion, on grounds of irregularities which prevented a full and fair hearing before the Clerk. A Rule 60(b)(6) motion is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the trial court has abused its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 523 (1975). Under Rule 60(c), the Clerk of Superior Court may exercise the powers authorized in Rule 60(b). We note, however, that a motion under Rule 60(b) may not be used as a substitute for a general appeal. *O'Neill v. Bank*, 40 N.C.

App. 227, 252 S.E. 2d 231 (1979); and a Clerk of Court is limited, with respect to his authority to upset a judgment, to those grounds stated in the Rule.

In denying executrix's motion, the Clerk made specific findings as to the manner and form in which the dissent was handled which showed that the proceeding before the Clerk was held in a full and fair manner. The findings of the Clerk thus support his judgment denying executrix's 60(b) motion and the Superior Court correctly entered judgment affirming the Clerk.

[3] Executrix argues that the Superior Court erred in not hearing a witness she subpoenaed to a hearing held before the Court with reference to the appeal. The authority and duty of the Superior Court was limited to review of the Clerk's findings of fact and conclusions of law. *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967); *In re Spinks*, 7 N.C. App. 417, 173 S.E. 2d 1 (1970). Accordingly, executrix could not have been prejudiced by the Superior Court's failure to hear her additional evidence.

The judgment of the trial court is

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.