BETTIE APPLE GREENE, EXECUTRIX OF THE ESTATE OF NORMAN NEWMAN BROWN, DECEASED v. MARK G. LYNCH, SECRETARY OF THE DEPARTMENT OF REVENUE

No. 8019SC823

(Filed 5 May 1981)

**Wills § 61; Taxation § 27– inheritance taxes – property not passing as result of valid dissent to will**

   Where decedent in his will left his wife either a life estate in his home or $5,000, the residue of his estate was left to plaintiff, plaintiff was named as

executrix under the will, the surviving wife filed a dissent to the will and plaintiff brought suit to disallow the dissent, the wife would have been entitled to receive in excess of $60,000 from deceased's estate as his surviving spouse had she established her right to dissent, plaintiff thereafter paid the wife the sum of $31,500 from deceased's estate in settlement of her claims as surviving spouse and the wife withdrew her dissent and waived any further right to dissent to the will, plaintiff filed a notice of dismissal with prejudice of her suit against the wife and the superior court entered a judgment *nunc pro tunc* concluding that plaintiff had paid the wife an intestate share of $31,500 by reason of her dissent and that the wife had taken nothing under the will, and an annual account of deceased's estate showing payment by plaintiff of $31,500 to the wife as a "full settlement" was thereafter approved by the clerk of court, it was *held* (1) there was no valid dissent by the wife because she failed to obtain the clerk's approval of the value of the property passing to her under and outside her husband's will as of the date of his death as required by G.S. 30-1(c); (2) the clerk's approval of the annual account did not establish the wife's right to dissent because the dissent had been withdrawn and further dissent waived at the time the account was filed and approved; (3) the judgment *nunc pro tunc* was ineffective to establish the wife's right to dissent because at the time of entry of the judgment there was no action pending in which the court could enter a valid order; and (4) since no property was transferred from the deceased's estate by intestacy pursuant to a valid dissent, inheritance taxes were required to be computed on the estate solely in accordance with the terms of deceased's will even though his surviving spouse received a larger share of the estate pursuant to her settlement agreement with plaintiff than was provided for her in the will. G.S. 105-2(1).

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 29 May 1980 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 10 March 1981.

This is an appeal by plaintiff, executrix of the estate of Norman Newman Brown, from entry of summary judgment in favor of defendant in plaintiff's action to recover certain inheritance taxes paid under protest by plaintiff to defendant.

The following facts are undisputed: Norman Newman Brown died testate on 14 April 1978 survived by his wife Mary Johnston Brown. In his will Brown devised and bequeathed to his wife either a life estate in his home or $5,000, at her option. The residue of his estate was left to plaintiff, and plaintiff was named executrix under the will. On 13 September 1978 Mary Johnston Brown filed a dissent to the will, and on 20 November 1978 plaintiff, individually and as executrix, brought suit to disallow the dissent. Had she established her right to dissent Mary Johnston Brown would have been entitled to receive in

excess of $60,000 from her husband's estate as his surviving spouse. On 17 January 1979, however, plaintiff paid to Mary Johnston Brown the sum of $31,500 from the estate of Norman Newman Brown in settlement of her claims as surviving spouse, and plaintiff and Mary Johnston Brown executed reciprocal releases. Pursuant to those releases and on the same date thereof, Mary Johnston Brown filed a notice of withdrawal of her dissent to her husband's will, waiving therein any further right to dissent to his will, and plaintiff filed a notice of dismissal with prejudice of her suit against Mary Johnston Brown. On 3 April 1979 a judgment *nunc pro tunc* was entered in that suit by Judge F. Fetzer Mills wherein he found and concluded that plaintiff had paid Mary Johnston Brown an intestate share of $31,500 by reason of her dissent and that Mary Johnston Brown had taken nothing under the will. The annual account in the estate of Norman Newman Brown, filed on 11 June 1979 and approved by the Clerk on 15 August 1979, showed payment by plaintiff of the sum of $31,500 to attorneys for Mary Johnston Brown and described such payment as a "full settlement." Plaintiff computed and paid inheritance taxes on the estate of Norman Newman Brown as though the $31,500 had passed to Mary Johnston Brown by dissent. Defendant, however, calculated the taxes solely in accordance with the will of Norman Newman Brown and assessed additional inheritance taxes. Plaintiff paid the additional taxes under protest and filed the present action to recover them.

Both parties moved for summary judgment. After setting out the undisputed facts, Judge Walker concluded as a matter of law that there had been no valid dissent by Mary Johnston Brown to her husband's will because her dissent had not been approved by the Clerk of Superior Court as required by G.S. 30-1(c). He further concluded that approval of the annual account by the Clerk did not constitute approval of the dissent and that the judgment *nunc pro tunc* was ineffective to establish the dissent. Consequently, the $31,500 payment to Mary Johnston Brown by plaintiff was not a transfer by intestacy pursuant to a valid dissent, and defendant was required by G.S. 105-2 to compute inheritance taxes on the estate of Norman Newman Brown without regard to the settlement agreement of 17 January and solely in accordance with the provisions of his will. Plaintiff's motion for summary judgment was denied and

defendant's motion was allowed. Plaintiff appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Boylan, for defendant appellee.*

*Parker & West, by Gerald C. Parker, for plaintiff appellant.*

WELLS, Judge.

Plaintiff assigns error to each of the court's conclusions of law. She argues first that G.S. 30-1(c) does not require approval of a dissent by the Clerk of Superior Court unless there is a dispute as to the value of the property passing to the surviving spouse under and outside the will of the deceased spouse. Plaintiff further argues that even if approval of the dissent was required in this case, both the Superior Court judgment *nunc pro tunc* and the Clerk's approval of the annual account constituted sufficient approval under G.S. 30-1(c). We do not agree.

"To establish the right to dissent, a spouse must make a timely filing pursuant to G.S. 30-2, and must show an entitlement to that right under G.S. 30-1." *In re Kirkman,* 302 N.C. 164, 166, 273 S.E. 2d 712, 714 (1981). "The right, time and manner, and effect of the filing and recording of a dissent to a will are all matters within the probate jurisdiction of the Clerk." *In re Snipes,* 45 N.C. App. 79, 81, 262 S.E. 2d 292, 294 (1980).

Although Mary Johnston Brown filed a timely notice of dissent with the Clerk pursuant to G.S. 30-2, she never established her entitlement to the right of dissent pursuant to G.S. 30-1. To do so, she was required by G.S. 30-1(c) to obtain the Clerk's approval of the value of the property passing to her under and outside her husband's will as of the date of his death. *Taylor v. Taylor,* 301 N.C. 357, 363, 271 S.E. 2d 506, 510-11 (1980); *In re Estate of Connor,* 5 N.C. App. 228, 168 S.E. 2d 245 (1969). At the time the $31,500 payment was made to Mary Johnston Brown, no such approval had been received and Mary Johnston Brown's right of dissent had therefore not been established. The subsequent approval of the annual account by the Clerk did not establish her right of dissent because at the time the account was filed and approved, the dissent had been withdrawn and any further right to dissent had been waived.

The judgment *nunc pro tunc* was also ineffective to estab-

lish Mary Johnston Brown's right of dissent even if, as argued by plaintiff, either the Clerk or a judge of Superior Court may determine a widow's right of dissent under G.S. 30-1, because at the time of entry of the judgment *nunc pro tunc* there was no action pending in which the court could enter a valid order, the action having been voluntarily dismissed with prejudice prior to entry of that judgment. *See, Sutton v. Sutton,* 18 N.C. App. 480, 197 S.E. 2d 9 (1973). We have previously held, however, that exclusive original jurisdiction to determine the validity of a dissent by a surviving spouse to a will of a deceased spouse lies with the Clerk of Superior Court. *In re Snipes, supra.* A judge's probate jurisdiction is concurrent with the Clerk's jurisdiction only where the Clerk is disqualified or unable to act; in all other cases a judge's probate jurisdiction is appellate. *In re Estate of Adamee,* 291 N.C. 386, 398, 230 S.E. 2d 541, 549 (1976); *In re Snipes, supra.* The facts of the present case disclose no basis for the exercise of either concurrent or appellate probate jurisdiction by Judge Mills.

Without establishing Mary Johnston Brown's entitlement to the right of dissent in the manner required by G.S. 30-1, the payment to Brown of $31,500 from the estate of her husband did not constitute a transfer by intestacy pursuant to a valid dissent. G.S. 105-2(1) provides for the imposition of inheritance taxes upon transfers "by will or by the intestate laws of this State. ..." The statute makes no provision for assessment of inheritance taxes on the basis of settlement or compromise agreements. As no property was transferred from the estate of Norman Newman Brown by intestacy pursuant to a valid dissent, defendant was required by statute to compute inheritance taxes on the estate of Norman Newman Brown solely in accordance with the terms of his will even though his surviving spouse received a larger share of the estate than provided for her in the will pursuant to her settlement agreement with plaintiff. *See, Pulliam v. Thrash,* 245 N.C. 636, 97 S.E. 2d 253 (1957); *In re McCoy,* 39 N.C. App. 52, 249 S.E. 2d 473 (1978), *disc. rev. denied,* 296 N.C. 585, 254 S.E. 2d 36 (1979).

The judgment below is

Affirmed.

Judges VAUGHN and BECTON concur.