IN THE MATTER OF THE ESTATE OF BERNARD
E. SUGARMAN.

Superior Court of New Jersey
Law Division Probate Part
Morris County

Decided July 11, 1983.

*Harry P. Beldon* for plaintiff.

*Arnold H. Chait* for defendant (*Vogel & Chait,* attorneys).

MINUSKIN, J.S.C.

Proceedings were instituted to determine whether plaintiff's entitlement under her late husband's will was equal to or less than the statutory elective share to which she is entitled under *N.J.S.A.* 3B:8–1, *et seq.* Counsel set upon and obtained the elective share. He then filed the pending application which requests that fees resulting from the litigation be taxed as costs

to the estate of the testator. The issue raised is whether the court has the discretionary authority to award legal fees to the petitioner in an elective share suit brought pursuant to *N.J.S.A.* 3B:8–1, *et seq.* Having reviewed the applicable rules and decisions, the court is satisfied that no such authority exists.

Initially, it must be noted that there is no direct authority in New Jersey for granting a fee in elective share cases. The relevant statute, *N.J.S.A.* 3B:8–12, simply recites the mechanics of filing a complaint. The relevant court rule, *R.* 4:42–9, sets forth that "no fee for legal services shall be allowed" and then lists eight exceptions to the general rule. Elective share suits are not specifically included in this list of exceptions; nor are they includable in any of the generally denominated subparagraph exceptions.

Subparagraph (a)(3) applies only to cases involving the probate of a will; subparagraphs (a)(7) and (a)(8) apply only where the court is empowered, by rule or by statute, to grant a fee; these exceptions are manifestly inapplicable to the case at bar. Subparagraph (a)(2) authorizes the court to make a fee allowance "out of a fund of court;" the associated case law confirms that the contents of an estate are not, *per se*, the kind of fund contemplated by the rule. Generally speaking, the (a)(2) exception permits an allowance from a "fund" when it would be unfair to saddle the full cost upon a litigant who is in court to advance more than her own interests. *Sunset Beach Amusement Corp. v. Belk*, 33 *N.J.* 162, 168 (1960). Thus, the rule permits payment of a fee to a litigant who creates, increases or protects a fund from which a class of claimants will benefit. *See generally* Note, *Allowance of Attorney's Fees from a Fund in Court*, 35 Col.L.Rev. 740 (1935). For instance, the successful proponent of a class action may be entitled to a fee paid out of the proceeds; the party who bears the brunt of litigation as trustee of a fund for those entitled to share in it is likewise the proper recipient of a fee allowance. In such cases, depletion of the fund to reimburse the prevailing party is akin to distributing the expense of the litigation amongst all who benefit. The

equitable allocation of costs justification does not apply where a litigant recovers or rescues a fund in court from which she alone will benefit. Accordingly, no fee was recoverable from partnership assets in an action by the widow of a deceased partner to recover her rightful share from surviving partners. *Blut v. Katz, et al,* 36 *N.J.Super.* 185 (App.Div.1955). Nor was the escrowed deposit on certain property, which was the subject of a vendor versus purchaser action for specific performance, considered a fund in court. *Sunset Beach, supra,* 33 *N.J.* at 166–169. *See also Sarner v. Sarner,* 38 *N.J.* 463 (1962); *Silverstein v. Shadow Lawn Savings & Loan Ass'n.,* 51 *N.J.* 30 (1968).

The immediate plaintiff did not institute this action on behalf of a group of beneficiaries. The mere fact that she has successfully recovered her statutory share of estate funds which, throughout these proceedings were within the court's control, does not entitle her to rely upon the fund in court exception to the general policy that each party bear its own cost. The court must conclude that no local source confers the authority to grant the widow a fee at the expense of other claimants.

Because *N.J.S.A.* 3B:8–12 is little more than a year old, the court was receptive to plaintiff's offer of authority from other jurisdictions that permit the widow to recover a fee in an elective share suit. Two cases were cited: *In re Menz,* 381 *So.*2d 375 (Fla.App.1981) and *In re Kirkman,* 302 *N.C.* 164, 273 *S.E.*2d 712 (Sup.Ct.1981). Both decisions relied upon statutory provisions that have no counterpart in New Jersey and both cases are therefore distinguishable.

The elective share statute in *Menz* imposed a duty upon the executor to file a petition and pay costs associated with obtaining the elective share. Upon the executor's failure to do so, the *Menz* widow was compelled to hire private counsel and was reimbursed for expenses that the estate was, in the first instance, legally obligated to pay. By contrast, the New Jersey statute states that the widow herself must file a complaint and makes no provision which would require the estate to assume or even to share costs.

In *Kirkman,* the relevant statute limited the widow's right of dissent to those cases in which her elective share would exceed the total value of what she was entitled to take under and outside the will. The widow was, by statute, required to institute proceedings at which a valuation of the estate would take place. Determined not to undercut the widow's statutory right to elect, the court upheld an allowance of fees incurred in the dissent proceedings. However, a New Jersey widow's right to dissent is absolute. Although an accounting of estate assets may assist her in reaching an informed decision with respect to whether dissent is desirable, the decision to go to court is wholly voluntary and hence the difference.

Most important, New Jersey has very deliberately chosen to circumscribe those actions in which fees are recoverable at the court's discretion. Fears of groundless, collusive litigation and other like abuses coupled with the desire to avoid collateral hearings on the issue whether a given litigant is properly motivated have prompted the general policy, as expressed in *R.* 4:42–9, that litigants bear their own costs except in those few specially designated situations. *Gerhardt v. Continental Ins. Cos.,* 48 *N.J.* 291 (1965); *Red Devil Tools v. Tip Top Brush Co., Inc. et al,* 50 *N.J.* 563 (1967). Compatibly with New Jersey's clearly articulated philosophy, plaintiff's application is denied. The appropriate order will be entered.