IN THE MATTER OF THE ESTATE OF: RUFUS FRANKLIN OUTEN, SR., DECEASED

No. 8526SC451

(Filed 19 November 1985)

**Wills § 61 —  dissent — family settlement agreement invalid — only two of four beneficiaries signed**

There was no error in allowing a dissent under a will where an alleged agreement between the dissenting widow and the estate was not a family settlement agreement because it was signed by only two of the four beneficiaries under the will. Family settlements are invalid unless all who receive under the will are joined in the agreement. G.S. 30-1, G.S. 30-2.

In re Estate of Outen

APPEAL by respondents from *Snepp, Judge*. Judgment entered 30 January 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 October 1985.

On 16 July 1983, Rufus Franklin Outen, Sr., died survived by his second wife, Elma K. Outen, and four children of his first marriage and leaving a will that was duly probated on 22 July 1983. Eleanor Grist O. Locke and William D. Locke were named as co-executors of the estate. The will left all of his property to his first wife and provided that this property be divided between his four children should his first wife predecease him.

On 5 August 1983 Elma Outen filed a dissent from the will. Thereafter, the assistant clerk of the superior court conducted a hearing with regard to this dissent. At the hearing, the co-executors of the estate offered into evidence an agreement allegedly entered into between the widow and the estate wherein she purportedly agreed to withdraw the dissent on the condition that she receive $16,000 cash or one-tenth of the estate and certain items of personal property. This writing was signed by Elma Outen, one of the co-executors and two of the four beneficiaries under the will. The assistant clerk refused to admit the writing or any testimony into evidence with respect to this alleged agreement and entered an order allowing the dissent.

From this order the co-executors appealed to the judge of the superior court, who affirmed the order of the assistant clerk on 1 February 1984. Thereafter Elma Outen and the co-executors entered into a consent agreement wherein the cause was remanded to the assistant clerk of superior court to allow evidence as to whether the alleged agreement was a family settlement agreement.

After a hearing, the assistant clerk made findings of fact and conclusions of law and entered an order declaring that the alleged agreement was not a family settlement agreement and again allowed the dissent. The co-executors appealed to the judge of the superior court who affirmed the assistant clerk's decision. From this order, the co-executors appealed to this court.

*Ray Rankin for dissenting spouse, appellee.*

*Rodney S. Toth, for respondents, appellants.*

HEDRICK, Chief Judge.

Respondents contend that the assistant clerk erred in finding that the agreement allegedly entered into between the dissenting widow and the co-executors was not a "family settlement agreement" and in allowing the dissent pursuant to Article 1 of Chapter 30 of the General Statutes of North Carolina.

"To establish the right to dissent, a spouse must make a timely filing pursuant to G.S. 30-2, and must show an entitlement to that right under G.S. 30-1." *In re Kirkman*, 302 N.C. 164, 166, 273 S.E. 2d 712, 714 (1981). The right time, manner and effect of the filing and recording of a dissent to a will are all matters within the probate jurisdiction of the clerk of superior court. *In re Snipes*, 45 N.C. App. 79, 262 S.E. 2d 292 (1980). In discussing an appeal from a clerk with respect to a dissent, this Court held in *In re Estate of Swinson* that:

> When the order or judgment appealed from does contain specific findings of fact or conclusions to which an appropriate exception has been taken, the role of the trial judge on appeal is to apply the whole record test. If there is evidence to support the findings of the Clerk, the judge must affirm. If a different finding could be supported on the same evidence, the trial judge cannot substitute his own finding for that of the Clerk. It is not a *de novo* hearing. The trial court is sitting as an appellate court, since its jurisdiction is derivative.

*In re Estate of Swinson*, 62 N.C. App. 412, 415, 303 S.E. 2d 361, 363 (1983). Our standard of review on this appeal is the same as that of the judge of superior court.

We agree with the assistant clerk of superior court that the alleged agreement between the dissenting widow and the estate was not a "family settlement agreement," because it was never executed by all of the beneficiaries under the will. Family settlement agreements, of course, are favored by the law, *Holt v. Holt*, 304 N.C. 137, 282 S.E. 2d 784 (1981); however, such agreements are invalid unless all who receive under the will join in the agreement. *In re Will of Pendergrass*, 251 N.C. 737, 112 S.E. 2d 562 (1960). In the present case, two of the beneficiaries under the will did not sign the alleged agreement. The findings made by the

assistant clerk of superior court clearly support her conclusion allowing the dissent of Elma Outen pursuant to G.S. 30-1, and the judge of the superior court did not err in affirming the assistant clerk's judgment. The judgment of the superior court is affirmed.

Affirmed.

Judges EAGLES and MARTIN concur.