SHEREE L. WAGNER, PLAINTIFF v. DONAL LEE BARBEE, SR., LOTTIE D. BARBEE AND DONAL LEE BARBEE, JR., DEFENDANTS AND THIRD PARTY PLAINTIFFS v. ALFRED R. SEILER, JR., THIRD PARTY DEFENDANT

ALFRED R. SEILER, JR., PLAINTIFF v. DONAL LEE BARBEE, JR., AND UNIVERSAL INSURANCE COMPANY, DEFENDANTS

No. 863SC192

(Filed 2 September 1986)

1. **Automobiles and Other Vehicles § 46.1— automobile collision—officer's opinion of point of impact—no prejudice**

There was no prejudicial error in an action arising from a collision between an automobile and a motorcycle in the admission of the opinion testimony of the officer who investigated the accident regarding the point of impact of the vehicles because all parties agreed at trial that the collision occurred in the east lane of Highway 58 in accordance with the officer's testimony.

2. **Automobiles and Other Vehicles § 46.1— automobile collision—officer's opinion of how accident occurred—no prejudice**

There was no prejudice to defendant in an action arising from a collision between an automobile and a motorcycle in the admission of the investigating officer's opinion testimony about how the accident occurred because the testimony corroborated the testimony of defendant.

3. **Automobiles and Other Vehicles § 46.1— automobile collision—opinion of doctor regarding blood alcohol level—no prejudice**

    In an action arising from a collision between an automobile and a motorcycle, there was no prejudice in the admission of a doctor's opinion testimony regarding the blood level of plaintiff Wagner because Wagner was a passenger on the motorcycle and there was no evidence that her blood alcohol content in any way caused the accident or contributed to her injuries.

4. **Automobiles and Other Vehicles § 45.1— automobile collision—criminal citation —admission not prejudicial**

    In an action arising from a collision between a motorcycle and an automobile, there was no prejudice in the admission of testimony and a citation showing that defendant was charged with operating a motor vehicle while under the influence of an intoxicating beverage where there was other evidence tending to show that defendant was intoxicated when the accident occurred.

5. **Automobiles and Other Vehicles § 45.3— automobile accident—passenger intoxicated months after accident—properly excluded**

    In an action arising from a collision between an automobile and a motorcycle, the trial court properly excluded evidence that plaintiff Wagner had been intoxicated on two occasions four and nine months after the accident; defendant failed to demonstrate how evidence that Wagner was intoxicated on those two occasions is relevant to the injuries for which she sought recovery. N.C.G.S. § 8C-1, Rule 402.

6. **Judgments § 55— prejudgment interest—defendant partially uninsured—interest on full judgment erroneous**

    The trial court erred in an action arising from an automobile collision by awarding prejudgment interest on the principal amount of the judgment, $275,000, where defendant's liability insurance provided coverage up to $50,000. N.C.G.S. § 24-5.

APPEAL by defendant Donal Lee Barbee, Jr., from *Freeman, Judge*. Judgments entered 26 August 1985 in Superior Court, CARTERET County. Heard in the Court of Appeals 19 August 1986.

These are civil actions wherein plaintiffs, Alfred Seiler and Sheree Wagner, seek to recover damages for injuries and expenses arising out of a collision on 17 February 1983 between a motorcycle driven by Seiler carrying Wagner as a passenger and an automobile driven by defendant Donal Lee Barbee, Jr. Both plaintiffs alleged in their complaints that defendant's negligence in operating the automobile was the proximate cause of the collision and their personal injuries and damage to the motorcycle. Defendant filed answers wherein he denied the allegations that

the collision was the result of his negligence and alleged in defense that Seiler's negligence in operating his motorcycle was the proximate cause of his injuries and Seiler's negligence was imputed to Wagner because she willfully and knowingly assumed a dangerous position. Defendant also filed a counterclaim against Seiler alleging that the accident was the result of Seiler's negligent operation of his motorcycle and seeking to recover damages for personal injury and loss of value of his vehicle.

On 11 July 1984, the trial judge entered an order consolidating the cases for trial. The evidence introduced at trial tends to show the following: At approximately 1:00 a.m. on 17 February 1983, plaintiffs, Seiler and Wagner, were involved in a motor vehicle collision with defendant. The collision occurred on Highway 58 in Atlantic Beach, North Carolina. Seiler was driving a motorcycle and Wagner was riding on the motorcycle as a passenger. Defendant was driving his automobile in an easterly direction on Highway 58 when the collision occurred. Plaintiffs introduced evidence tending to show that they were also traveling easterly on Highway 58 when defendant, who was intoxicated, hit the motorcycle in the rear. Defendant presented evidence tending to show that while he was driving, he suddenly saw a motorcycle without any lights on "sitting with the front wheels center lane and the rear of the bike in my lane." He testified that he hit the brakes as soon as he saw the motorcycle and turned the steering wheel of his automobile to the right, but was unable to avoid colliding with the motorcycle.

Pursuant to the issues submitted, the jury found that both plaintiffs were injured by defendant's negligence and that Seiler did not contribute to his own or to Wagner's injuries. The jury further found that Wagner was entitled to recover $275,000 for her personal injuries and that Seiler was entitled to recover $5,000 for his personal injuries, and that neither plaintiff was entitled to recover punitive damages. From judgments entered on the verdicts, ordering that defendant pay plaintiff Wagner $275,000 together with interest at the legal rate from 4 November 1983 until paid and pay plaintiff Seiler $5,000 also with interest from 4 November 1983 until paid, defendant Donal Lee Barbee, Jr., appealed.

*L. Patten Mason for plaintiffs, appellees.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by Stevenson L. Weeks, for defendant, appellant.*

*Stith and Stith, P.A., by F. Blackwell Stith and Susan McIntyre, for third party defendant, appellee Seiler.*

HEDRICK, Chief Judge.

[1] By assignment of error No. 1, defendant contends that the trial court erred in admitting the opinion testimony of Brian Rowe, the police officer who investigated the accident, in regard to where the point of impact of the vehicles occurred on the highway. Assuming that the trial court erred in this regard as defendant contends, this error was clearly not prejudicial because all the parties agreed at trial that the collision occurred in the east lane of Highway 58 in accordance with Officer Rowe's testimony.

[2] Defendant next contends that the trial court erred in admitting the opinion testimony of Officer Rowe about how the accident occurred. In response to defense counsel's question on cross-examination regarding the damage to the motorcycle, Officer Rowe testified that "[i]f he [defendant] was going down the road and swerved off to the right-hand side of the road, it would hit it just like just the way it appears in these pictures." This testimony corroborates the testimony of defendant that he turned the car to the right to try and avoid hitting the motorcycle. Thus, defendant has again failed to show that he was prejudiced by Officer Rowe's testimony.

[3] Defendant next contends that the trial court erred in admitting the opinion testimony of Dr. Nicholson regarding the blood alcohol level of plaintiff Wagner when she was taken to the hospital following the accident. Defendant argues that the doctor was not qualified to give an opinion on this matter, because he responded to the request for his opinion as follows: "I am not a pathologist who specializes in these tests and I don't know the technique required, but I rely upon my pathological colleagues." Over defendant's objection, Dr. Nicholson was allowed to testify that in his opinion Wagner's test indicating the alcohol level in her blood was a mistake because it was so high and to explain how such a mistake could have been made. Again, assuming for

the sake of argument that the trial court erred in overruling defendant's objection, defendant has failed to demonstrate that this error was prejudicial. Defendant does not argue, nor is there any evidence tending to show, that the high blood alcohol content of plaintiff Wagner, who was a passenger on the motorcycle, in any way caused the accident or contributed to her injuries. This assignment of error is overruled.

[4]  By assignments of error Nos. 4 and 6, defendant contends that the trial court erred in admitting testimony and a criminal citation showing that defendant was charged as a result of the accident with operating a motor vehicle while under the influence of an intoxicating beverage. Once again, defendant has failed to show that the ruling of the trial court, if erroneous, was prejudicial. Defendant concedes that testimony that he pleaded guilty to the charge arising out of this incident of reckless driving after consumption of an alcoholic beverage was admissible. Officer Rowe testified that in his opinion defendant was under the influence of an alcoholic beverage at the scene of the accident and had appeared intoxicated at a bar where the officer saw him two hours before the accident. The breathalyzer operator who administered the breathalyzer test after defendant's arrest also testified that defendant appeared to be intoxicated and that defendant's blood alcohol level was 0.12. Given all of the evidence tending to show that defendant was intoxicated when the accident occurred, defendant could not have been prejudiced by evidence that he was charged with driving under the influence of an intoxicating beverage.

[5]  Defendant next contends that the trial court erred in refusing to admit evidence relating to plaintiff Wagner's intoxication on two occasions four and nine months after the accident. Defendant contends that this evidence is relevant to the issue of the nature and severity of plaintiff's injuries. We disagree. Plaintiff Wagner testified at trial that after she left the hospital in March 1983, she continued to suffer from loss of mobility in some of her limbs, had difficulty breathing and has permanent scars. Defendant has failed to demonstrate how evidence that Wagner was intoxicated on two occasions in June and December of 1983 is relevant to the issues of the injuries for which she seeks to recover in the present case. The trial court, therefore, properly excluded this evidence. G.S. 8C-1, Rule 402.

**[6]** Defendant assigns error to the trial court's order that defendant pay plaintiff Wagner prejudgment interest on $275,000, the principal amount of the judgment. Defendant contends that the trial court erred in awarding prejudgment interest to that portion of the award which was not covered by his liability insurance. We agree.

The provisions of G.S. 24-5, which were controlling at the time this action was filed, provided in pertinent part as follows:

> The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

In *Leary v. Nantahala Power and Light Co.*, 76 N.C. App. 165, 332 S.E. 2d 703 (1985), this Court held the trial court had erred in awarding prejudgment interest on the portion of the judgment excluded by the deductible in defendant's insurance policy. The *Leary* court reasoned that because defendant was a self-insurer to the extent of the deductible, the provisions of G.S. 24-5 did not apply to that portion of the judgment.

In the present case, defendant's liability insurance policy provided coverage for bodily injury up to $50,000 per person. Thus, defendant was uninsured to the extent that the judgment for plaintiff Wagner exceeds $50,000. Under the applicable provisions of G.S. 24-5, the portion of the judgment which is not covered by liability insurance, $225,000 in this case, bears interest from the time of the verdict. Therefore, we hold that the trial court erred in awarding plaintiff Wagner prejudgment interest on the full judgment amount of $275,000 from the time the action is instituted.

By his remaining assignments of error, defendant contends that the trial court erred in entering the judgments "due to errors committed by the court during the trial of this cause." In support of these assignments of error, defendant restates arguments relating to various evidentiary rulings by the trial court, which we have addressed above. These assignments of error present no additional questions for review.

For the reasons stated above, we find no prejudicial error in the trial, but remand the judgment in *Wagner v. Barbee*, Case No. 83CVS671, for entry of judgment in accordance with this opinion.

No error in trial, Case No. 83CVS671 remanded for entry of judgment in accordance with this opinion.

Judges PHILLIPS and MARTIN concur.