SANDRA KAY PETTY v. THE HOUSING AUTHORITY OF THE CITY OF CHARLOTTE, NORTH CAROLINA

No. 8726SC1060

(Filed 21 June 1988)

**1. Judgments § 55— prejudgment interest modified—no abuse of discretion**

There was no abuse of discretion in a trial court's order modifying a judgment as to an award of prejudgment interest where, when the verdict was rendered for $1,200,000, the total amount was covered by the City of Charlotte's liability insurance; the City of Charlotte reached a settlement with plaintiff for $600,000 plus costs while its appeal was pending and was relieved of all liability; and the Housing Authority, the remaining defendant, only held liability insurance in the amount of $500,000. To subject the Housing Authority to liability for prejudgment interest on the entire amount of the verdict when the Housing Authority was insured for less than half that amount would run counter to the policy reasons surrounding the enactment of N.C.G.S. § 24-5 (1981). N.C.G.S. § 24-5(b) (1986).

**2. Rules of Civil Procedure § 60.4— Rule 60 motion to reduce prejudgment interest—not used as substitute for appeal**

A motion under N.C.G.S. § 1A-1, Rule 60 to reduce prejudgment interest was not improperly used as a substitute for appellate review where an issue as to prejudgment interest materialized only when plaintiff settled her claim with a codefendant which was insured to the full extent of the verdict.

APPEAL by plaintiff from *Burroughs, Judge.* Order entered 14 July 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 March 1988.

*Gerdes, Mason, Wilson, Tolbert & Simpson, by C. Michael Wilson and J. David Tolbert, for plaintiff-appellant.*

*Golding, Crews, Meekins & Gordon, by James P. Crews and Emily E. Shore, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff brought this action to recover from the City of Charlotte and The Housing Authority of the City of Charlotte for massive injuries to her head and body suffered as a result of an automobile accident. She was awarded a jury verdict in the amount of $1,200,000.00 against both defendants jointly and severally. The judgment was subsequently reduced to $1,120,000.00 after credit for a previously settled uninsured motorist claim was given.

Both defendants appealed the judgment, but the City of Charlotte settled plaintiff's claim on 7 May 1986 for $600,000.00 plus court costs. The Housing Authority, however, pursued its appeal and filed a motion pursuant to G.S. 1A-1, Rule 60 on 4 December 1986 requesting that this Court modify the judgment with respect to the amount of prejudgment interest it would owe if the judgment were affirmed.

This Court affirmed the judgment; *Petty v. The City of Charlotte*, 85 N.C. App. 391, 355 S.E. 2d 210, *cert. denied*, 320 N.C. 170, 358 S.E. 2d 54 (1987), but remanded the Rule 60 motion to the Superior Court of Mecklenburg County, *id.* at 400, 355 S.E. 2d at 215-16, which granted The Housing Authority's motion and modified the judgment pursuant to G.S. 1A-1, Rule 60(b)(6). From this order plaintiff appeals.

Plaintiff presents one, four-part issue for this Court's determination. She asks whether an award of prejudgment interest in a final judgment may be modified pursuant to G.S. 1A-1, Rule 60(b)(6) where: (a) the final judgment awarded prejudgment interest on the entire judgment amount pursuant to the former G.S. 24-5 (1981) (current version at G.S. 24-5(b) (1986)); (b) neither defendant appealed the award of prejudgment interest; (c) plaintiff subsequently settled with defendant number one, The City of Charlotte, which had maintained liability insurance in excess of the entire judgment amount; and (d) defendant number two, The Housing Authority, maintained liability insurance in an amount less than the full judgment amount.

[1] We find no error in the court's order which modified the original judgment as to the award of prejudgment interest.

This action was instituted by the filing of complaint on 28 October 1983, therefore the statute which governs the payment of interest is the former G.S. 24-5 (1981) and not G.S. 24-5(b) (1986) which became effective on 1 October 1985. *See* 1985 N.C. Session Laws Ch. 214 sec. 2. G.S. 24-5 (1981) (current version at G.S. 24-5(b) (1986)) provides in pertinent part that:

> The portion of all money judgments designated by the factfinder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment

and decree of the court shall be rendered accordingly. *The preceding sentence shall apply only to claims covered by liability insurance. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied,* and the judgment and decree of the court shall be rendered accordingly.

(Emphasis added.)

Upon careful reading of the statute in question, we are convinced that the trial court ruled correctly, pursuant to G.S. 1A-1, Rule 60(b)(6), in modifying the award of prejudgment interest on the original verdict of $1,120,000.00.

G.S. 1A-1, Rule 60(b)(6) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . [a]ny other reason justifying relief from the operation of the judgment." It is well-settled that "[t]his provision is equitable in nature and authorizes the trial judge to exercise his discretion in granting or withholding the relief sought." *Kennedy v. Starr*, 62 N.C. App. 182, 186, 302 S.E. 2d 497, 499-500, *cert. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). With both the provision and the principle in mind we shall analyze the court's ruling.

When the verdict was rendered in the case *sub judice*, the total amount was covered by liability insurance since The City of Charlotte held liability insurance in an amount at least equal to the amount of the total verdict. Therefore, as long as defendant number one, The City of Charlotte, remained a party to the action the award of prejudgment interest (commencing at the institution of the action) was proper. Once this defendant reached a settlement with plaintiff on 7 May 1986, while its appeal was pending, in an amount of $600,000.00 plus the costs of court, and was subsequently relieved of all liability, the total amount of the verdict was no longer "covered by liability insurance." Defendant number two, The Housing Authority, only held liability insurance in an amount of $500,000.00.

This Court has held, in a cause of action governed by G.S. 24-5 (1981) (current version at G.S. 24-5(b) (1986) ), that an award of

prejudgment interest on $275,000.00, the principal amount of the judgment, was improper where defendant's liability insurance policy provided coverage for bodily injury only up to $50,000.00 per person. *Wagner v. Barbee and Seiler v. Barbee*, 82 N.C. App. 640, 347 S.E. 2d 844 (1986), *cert. denied*, 318 N.C. 702, 351 S.E. 2d 761-62 (1987). *See also, Leary v. Nantahala Power and Light Co.*, 76 N.C. App. 165, 332 S.E. 2d 703 (1985), where defendant was considered a self-insurer for the amount of his $200,000.00 deductible, and therefore not subject to liability for prejudgment interest on that amount.

We see no reason to subject defendant to liability for prejudgment interest on the entire amount of the verdict, when defendant, The Housing Authority, was only insured for less than half that amount. To do so would run counter to the policy reasons surrounding the enactment of G.S. 24-5 (1981); to provide an incentive for liability insurance companies to resolve claims with "all deliberate speed" rather than to delay resolution in order to maximize the return of investment on loss reserves. *Leary, supra, citing, Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984).

In granting The Housing Authority's motion on remand, the trial court concluded that:

[2] [t]he Housing Authority is entitled to relief under Rule 60(b)(6) . . ., which allows the [c]ourt to relieve a party from the provisions of a judgment upon motion and upon such terms as are just for "any other reason justifying relief from the operation of the judgment."

[5] In these extraordinary circumstances justice demands that The Housing Authority not be required to pay prejudgment interest on the amount of the judgment of $1,200,000.00, since it was the City of Charlotte not the Housing Authority, that had liability insurance covering the entire judgment.

The court then ordered that:

the judgment in this case be modified so as to obligate The Housing Authority to pay interest on only $500,000.00 [the total amount of its liability insurance coverage] for the period of time from the date of the filing of the Complaint (October 28, 1983) until the date of the return of the jury's verdict (January 15, 1986); on $1,120,000.00 from January 16, 1986 un-

til the plaintiff settled with and released the City of Charlotte (May 7, 1986); and on only $520,000.00 [the remaining amount of the verdict after plaintiff's settlement with defendant number one] from May 8, 1986 until the judgment is paid and satisfied [.]

We find that the court acted well within its discretion in ruling as it did.

[2] Within the body of plaintiff's argument, she contends that The Housing Authority's Rule 60 motion was improper as it was used as a substitute for appellate review which is prohibited. *Young v. State Farm Mutual Auto. Ins. Co.*, 267 N.C. 339, 148 S.E. 2d 226 (1966); *In re Snipes*, 45 N.C. App. 79, 262 S.E. 2d 292 (1980); *O'Neill v. Bank*, 40 N.C. App. 227, 252 S.E. 2d 231 (1979). She also argues that a motion pursuant to G.S. 1A-1, Rule 59(e), a motion to alter or amend judgment, would have been proper. We find this reasoning unsound at best, for in presenting this argument plaintiff places an unreasonable burden upon The Housing Authority; i.e., to have asserted a basis for appeal which did not exist. At the time when the verdict was rendered, The Housing Authority had no appealable issue insofar as an award of prejudgment interest was concerned. The issue only materialized after plaintiff settled her claim with the City of Charlotte which was insured to the full extent of the verdict.

We also find the case *sub judice*, and *Town of Sylva v. Gibson*, 51 N.C. App. 545, 277 S.E. 2d 115, *disc. rev. denied*, 303 N.C. 319, 281 S.E. 2d 659 (1981), clearly distinguishable. In *Sylva*, the issue which defendant sought to have resolved through a Rule 60 motion, concerning the amount of attorney's fees awarded to the plaintiff as a part of the costs, was clearly in existence and ripe for appeal at the time when the verdict was rendered. Relief pursuant to Rule 60 was therefore unavailable. Defendant, in the case *sub judice*, had no similar opportunity to raise the issue by appeal, and relied upon the only weapon within his arsenal.

We find that the trial court properly modified the judgment as allowed by G.S. 1A-1, Rule 60(b)(6), and therefore affirm its ruling.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.