CHRISTOPHER STEPHENS v. FRANK D. KOONCE.

*Trover, Action in Nature of—Tender and Costs under The Code, § 573—Interest, when discretionary with the Jury; all judgments bear under The Code, § 530.*

1. In an action to recover damages for the conversion of personal property, the defendant has no right, under *The Code,* § 573, to force the plaintiff to accept the property, for the conversion of which he is sued, or pay costs; nor would defendant have such right in an action of claim and delivery, unless the tender of the property is accompanied by a proposal to pay an amount as damages not less than that ultimately assessed by the jury.

2. Although the allowance of interest, in an action for damages for conversion of property, is discretionary with the jury, yet *after the verdict* the judgment for the damages assessed bears interest by virtue of *The Code,* § 530; and this is so, although the verdict is for a certain sum " without interest."

This was a CIVIL ACTION, tried before *Philips, J.,* and a jury, at the Fall Term, 1887, of the Superior Court of ONSLOW County.

The action was brought to recover damage for the unlawful conversion by the defendant of " a steam engine, boiler and fixtures; also a cotton-gin, condenser, cotton-press, with fixtures," &c., alleged to be the property of the plaintiff.

The declaration in the complaint is in the nature of trover and conversion, and the demand is for money as damages.

The defendant, in his answer, sets up a number of defences. He states, in detail, in his first defence, the manner in which he acquired title as the owner to the property, which he admits he has converted to his own use. But it is not material for the elucidation of the question involved in this appeal to give even a summary of the answer.

The defendant insists that he made a tender, which is embraced in his answer, and that as the plaintiff failed or refused to accept the offer of compromise so made, the latter cannot, under the provisions of § 573 of *The Code*, recover costs after the date when the offer was so made. The portion of the answer relied on as sufficient tender, being the second defence, is as follows, to-wit:

" That if any trespass was committed by the defendant upon the real estate claimed by the plaintiff, and described in the first article of the complaint as the Miller plantation, situated in Richlands Township, in Onslow County, in removing said steam engine and boiler and saw mill, two belts and grist mill from said Miller plantation, the defendant, for himself, disclaims to set up any title to said lands in himself; and said trespass was involuntary on the part of defendant, and the defendant hereby disclaims any title to said steam engine and boiler, one saw, two leather belts, and one grist-mill, and hereby offers a judgment in favor of the plaintiff for the possession of said steam engine and boiler, one saw, two leather belts, and one grist-mill, and for other machinery described in the complaint (except one rubber belt and one chest of mechanics' tools), or for the sum of one and $\frac{80}{100}$ dollars, or about that amount, being the amount of defendant's bid for said articles, and for the costs of this action."

The issues, and responses to them, were as follows:

" 1. Is the plaintiff the owner of the property described in the complaint, or any part thereof?"    Answer, "Yes."

" 2. Did the defendant unlawfully convert the same, or any part thereof?"    Answer, " Yes."

"3. If so, what is the value of the property converted?" Answer, " Three hundred dollars, without interest."

It was alleged in the complaint that the property was wrongfully taken from the Miller plantation.

*Messrs. C. Manly* and *C. M. Busbee,* for the plaintiff.
*Mr. S. W. Isler,* for the defendant.

AVERY, J. (after stating the case).    The offer made by the defendant in the answer, is not sufficient to subject the plaintiff to liability for costs for refusal to accept it.    The plaintiff, in the exercise of an unquestionable right, elected to bring his action for damages for the conversion of certain property instead of an action in the nature of detinue, or in the nature of replevin, with the right to the ancillary remedy of claim and delivery.    It is presumed that the plaintiff adopted the action for the recovery of damages, only with a view to some advantage, expected from pursuing his remedy to judgment on a demand of that kind.    The defendant would have no right, under the provisions of section 573 of *The Code,* to force the plaintiff to accept the property, when it might have been injured or rendered worthless after conversion, or pay the costs, on refusal to do so, even if the action had been brought to recover the specific property tendered, unless the offer had also included with the proposed delivery of articles tendered in kind a proposal to pay an amount as damages for detention not less than that ultimately assessed by the jury.    Woods Mayne on Damages, secs. 520 and 521.    But the defendant offers to disclaim title to and surrender the engine and other machinery, alleged to have been converted by him, or pay one and $\frac{80}{100}$

STEPHENS *v.* KOONCE.

dollars.   We can treat the offer, therefore, in this case only as a tender of that amount of money, and, as the jury assessed plaintiff's damages at three hundred dollars, he did recover "a more favorable judgment" than a recovery of one and $\frac{80}{100}$ dollars.   The defendant objected to "so much of the judgment as allowed the plaintiff interest from the date of judgment."

The jury had the right, in this case, to determine whether they would allow interest before the rendition of verdict on the amount assessed as plaintiff's damages, and in the exercise of that power gave the plaintiff " three hundred dollars, without interest." *Patapsco Mfg. Co.* v. *Magee*, 86 N. C., 350. After verdict, the statute (*The Code,* sec. 530) provides that the amount of any judgment or decree, except the costs, rendered or adjudged in any kind of action, though not on contract, shall bear interest till paid, and the judgment and decree of the Court shall be rendered according to this section." *McRae* v. *Malloy*, 87 N. C., 196.

This is not an action for the specific property in the nature of detinue or replevin, but for the money as damages, and therefore there is no force in the objection that his Honor should have rendered an alternative judgment for the property, and if delivery could not be had for the value, with damages for the detention.   The judgment is affirmed.

No error.                              Affirmed.