JAMES A. FOX and Wife v. THE TEXAS COMPANY.

(Filed 8 December, 1920.)

**Explosives—Negligence—Defenses—Unrelated Evidence—Wires.**

> When there is evidence that the defendant was negligent in keeping large quantities of gasoline at its distributing plant, requiring a watchman, which it did not have; that a stream of gasoline was seen flowing from the defendant's warehouse under such surroundings as would make an explosion probable, and that the plaintiff's injury was proximately caused by an explosion in the defendant's warehouse, unconnected evidence that a piece of wire had been found near the defendant's warehouse is too remote or conjectural to be admitted on the theory that the warehouse had been dynamited by others for whose acts the defendant was not responsible.

Note. For further digests, see *Stone v. The Texas Co.,* and *Newton v. The Texas Co.*

Appeal by defendant from *McElroy, J.,* at March Term, 1920, of Guilford.

This is the last of the three cases heard together at this term, and growing out of the explosion on 3 May, 1919, at the defendant's plant in Greensboro, at the corner of Lee and Lithia streets.

The *feme* plaintiff was at her home in bed, suffering with a dislocated knee, when the violence of the explosion blew her out of the bed and severely injured her, and partially wrecked the house.

The jury, by their verdict, found for the plaintiff, and assessed her damages at $3,000. Judgment was entered on the verdict, and defendant appealed.

Fox *v.* Texas Co.

*Wilson & Frazier and Bynum & Strudwick for plaintiffs.*

*Guy Stevens, Roberson & Dalton, and Brooks, Sapp & Kelly for defendant.*

WALKER, J., after stating the case: The main features of this case are not unlike those in the other two cases, *Stone v. Texas Oil Co.* and *Newton v. Texas Oil Co.,* decided at this term. If there is any difference it is very slight, and not sufficiently substantial to change the result. His Honor could not have granted the motion to nonsuit, because there was evidence for the consideration of the jury upon the question of negligence, and, we think, the jury have found correctly upon the first issue as to negligence and proximate cause, and the damages are not reviewable here.

The testimony as to the wire found near the defendant's premises was too remote and conjectural to be received as evidence, and was properly excluded. *Byrd v. Express Co.,* 139 N. C., 273; *March v. Verble,* 79 N. C., 19; *Lewis v. Steamship Co.,* 132 N. C., 904. Finding a piece of wire is far from proving that the defendant's plant was dynamited, especially in the presence of strong evidence that its own contents was exploded from internal causes of its own making. It was so disconnected from the plant as to form only the basis of a mere guess, which does not rise to the dignity and force of evidence.

The court substantially gave the instruction contained in the fourth assignment of error, and as to the one in the fifth assignment, the defendant had more gasoline than it was entitled to store in the way it did, and it was violating the plain terms of the ordinance in keeping and using its plant as it did. No license or permit could protect the defendant from a violation of the positive prohibition of the ordinance, nor did the license purport to do any such thing.

The cases of *Wright v. C. & N. W. Rwy. Co.,* 27 Ill. App., 200; *Terminal R. Asso. v. Larkins,* 112 Ill. App., 36, and *Klein v. Becton,* 5 L. R. A., p. 1237, which were cited by the defendant, can be of no avail to it, for here there was evidence as to the cause of the fire, or from which the jury might well infer what was the cause of it, and as to *Kress v. Lane,* 5 L. R. A., p. 1376, if it is in line with our decisions, it differs from this case, as the evidence in this record does not show a wanton act committed by a third person in causing the fire, but a negligent act of the defendant in exposing the volatile vapors of the gasoline to be ignited and exploded at any time, when it was most probable that such a thing would happen, as the stream flowed towards the railroad, and even under the trestle, where it was constantly within reach of falling sparks or live cinders. . .

We have so fully discussed the question of the violation of a statute or ordinance being negligence *per se,* and cited the recent authorities, in the *Stone* and *Newton cases,* that it would be more than useless to pursue the subject any further. The defendant is relying on cases which have been radically modified or overruled. See *Leathers v. Tobacco Co.,* 144 N. C., 330; *Starnes v. Mfg. Co.,* 147 N. C., 556.

The sixth assignment is the same, in substance, as the one relating to the nonsuit.

The judge charged the jury fully and correctly as to proximate cause, and the jury could not have misunderstood him. He linked the negligence and the proximate cause together as being necessary to constitute an actionable wrong, and told the jury that negligence by itself was not sufficient to charge the defendant with liability, but that it and proximate cause must coexist, with a causal connection between them, before an actionable wrong is committed. This disposes of the seventh assignment.

The special requests for instructions, as shown in the eighth and ninth assignments, called upon the court to express an opinion upon the facts, and if intended to ask for a charge upon the law, they were erroneous and properly refused, but the subject has been so fully and copiously discussed as to the violation of the ordinance and its effect that more need not be said, and this applies to proximate cause as again brought forward in the ninth assignment, and we also include the tenth assignment, which relates to the same matter.

The eleventh assignment embraces two propositions, violation of ordinance section 412, and negligence *per se,* and the exception is general and contrary to the well settled rule. They both must be erroneous, or the exception fails. As we have held that the violation of an ordinance is negligence *per se,* one, at least, of the instructions was right, and the general exception is bad. *Singleton v. Roebuck,* 178 N. C., 201; *S. v. Bryant, ibid.,* 702, at p. 708; *S. v. Ledford,* 133 N. C., 714, and *Nance v. Tel. Co.,* 177 N. C., 313, where the cases are collected; *Harris v. Harris,* 178 N. C., 7.

The other exceptions are formal. We have considered the assignments of error *seriatim,* because of the importance of the case, and our desire to emphasize our decision upon the questions involved and not to overlook any of them.

We need not refer to the maxim *res ipsa loquitur,* and the extent to which it applies to the case, as we have discussed it fully in the other cases.

There was sufficient evidence to carry the case to the jury. If previously, by the exercise of ordinary care such an accident as occurred in this instance was prevented, it would seem to follow that the jury might

consider the fact in determining, in connection with the other facts and circumstances, whether the defendant was careful this time. They might well have inferred from the flow of the gasoline before there was any explosion that some one of the persons who was at the plant the evening before, by inadvertence, and not, of course, by design, had left open one of the valves, faucets, or vents, as they may be called, or that a spigot or plug had been removed and not replaced. This may be said without accusing any one of a wrong except that involved in negligence. Such a thing has often been done, and no one found to admit it, because, perhaps, the very act of negligence would show a diversion of his attention at the time from what he was doing, so that he might honestly and ing good faith believe that it was not his fault. That is the most reasonable theory in regard to this fateful accident, fraught with such a destruction of property and injury to so many persons. It may be the thoughtless act that spread disaster all about in this populous city, hard by a large normal school, where so many were gathered, but the law does not excuse thoughtlessness, and especially where the situation was such as to call for the highest degree of care. The presence of a watchman was clearly demanded under such circumstances, and if he had been faithful to his duty this suit would not be here.

The license of a board, even if complied with in its requirements, and there was no ordinance to expressly forbid it, would not excuse the leaving of a requisite duty unperformed.

No error.