J. G. JACKSON, JANIE L. LOFTIN, F. L. JACKSON, R. A. JACKSON, R. M. JACKSON AND E. E. JACKSON v. THE CITY OF GASTONIA.

(Filed 30 October, 1957)

Damages § 5—

While in tort actions for conversion, interest ordinarily is allowable in the discretion of the jury, where the parties in waiving jury trial

stipulate the amount of recovery upon *quantum meruit* in a specified sum, the stipulation is in the nature of a formal judicial admission in respect to the question of damages, precluding the court from allowing interest from the date of the filing of the complaint. However, when the case is erroneously nonsuited and the nonsuit reversed on appeal, plaintiffs are entitled to interest from the first day of the term at which the nonsuit was erroneously entered.

APPEAL by defendant from *Crissman, J.*, at August Civil Term, 1957, of GASTON.

Civil action to recover upon a *quantum meruit* the value of a privately owned water and sewer system installed in a suburban real estate development, which system was subsequently taken over and appropriated by the City upon extension of its corporate limits.

The case was here at the Spring Term, on appeal by the plaintiffs from a judgment of nonsuit at the close of the evidence. The decision, reversing the ruling of the lower court, is reported in 246 N.C. 404, 98 S.E. 2d 444. The basic facts are stated in the former opinion. It there appears that the case was heard upon waiver of jury trial and agreement that the presiding judge should sit as a jury and find the facts and determine the issues. However, most of the crucial facts were stipulated. One of the pertinent stipulations is as follows:

"14.  That the recovery of the plaintiffs, if any, is based on *quantum meruit*, and that the agreed reasonable value and the *quantum meruit* of the lines involved in this controversy are as follows, which are based on the appraisal the defendant had made in early 1950: (Then follows the agreed values of the various lines, totaling $9,522.46.)"

The decision on former appeal directed that the cause be remanded for the entry of judgment in accordance with the stipulations of the parties as to reasonable value of the water and sewer lines.

When the case went back to the Superior Court, judgment was entered in favor of the plaintiffs for the total amount of the stipulated values of the various lines taken over by the City, to wit: $9,522.46, with interest thereon at 6% per annum from 22 October, 1952, the date of the filing of the complaint. From the judgment so entered the defendant appeals.

*J. Mack Holland, Jr. and James B. Garland for appellant.*
*L. B. Hollowell and Hugh W. Johnston for appellees.*

JOHNSON, J. The only question presented for decision is: Did the court below err in allowing interest from 22 October, 1952, the date of the filing of the complaint? We think so.

In tort actions for conversion, interest ordinarily is allowable in the discretion of the jury. *Stephens v. Koonce,* 103 N.C. 266, 9 S.E. 315; *White v. Riddle,* 198 N.C. 511, 152 S.E. 501; *Ins. Co. v. Railroad,* 198 N.C. 518, 152 S.E. 503. But this principle does not apply here for the reason that the facts were stipulated in respect to the amount of the plaintiffs' recovery. The stipulation provides that "the reasonable value *and the quantum meruit* of the lines involved" is $9,522.46. (Italics added). The term *"quantum meruit"* as so used in the stipulation means what the plaintiffs reasonably deserve. 73 C.J.S., p. 1269. See Black's Law Dictionary, Second Edition, p. 975. It thus appears that the language of the stipulation fixed the amount of the recovery. The judge was without discretion to superadd an allowance for interest as additional damages or compensation. The stipulation, being in the nature of a formal judicial admission of facts made for the purpose of dispensing with proofs in respect to the question of damages or compensation, remained conclusive and binding upon the parties on remand of the case to the Superior Court as directed by the former decision of the Supreme Court. See 50 Am. Jur., Stipulations, Section 13; Annotation: 100 A.L.R. 775, 776; 20 Am. Jur., Evidence, Section 5570.

In this view of the case we have no need to apply the principle that ordinarily a waiver of jury trial is inoperative at a new or subsequent trial. *Benbow v. Robbins,* 72 N.C. 422; *Isler v. Koonce,* 83 N.C. 55; *Hickory v. Railroad,* 138 N.C. 311, 50 S.E. 683.

However, if the case had been decided correctly in favor of the plaintiffs when it was nonsuited at the 10 December, 1956, Term of Superior Court, the judgment would have drawn interest from the first day of the term. G.S. 24-5; *Stephens v. Koonce, supra; In re Chisholm's Will,* 176 N.C. 211, 96 S.E. 1031; *Yancey v. Highway Commission,* 222 N.C. 106, 22 S.E. 2d 256. This being so, in so far as the plaintiffs' right to recover interest is concerned, the judgment as entered below after remand will be treated as having been entered at the 10 December, 1956 Term of Court, and the plaintiffs' recovery will bear interest from the first day of that term. *Kneeland v. American Loan & T. Co.,* 138 U.S. 509, 34 L. ed. 1052, 11 S.Ct. 426. Subject to this modification, the judgment below is affirmed.

The decisions relied on by the defendant are factually distinguishable.

Modified and affirmed.