GARLAND E. HARRIS, ADMINISTRATOR OF THE ESTATE OF FLORIENE T. HAR-
RIS, PLAINTIFF v. SCOTLAND NECK RESCUE SQUAD, INC. AND WILLIAM
KENNETH BAKER, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. BEN BELL
HARRIS, INCOMPETENT, BY AND THROUGH HIS GUARDIAN AD LITEM, JESSE B.
BULLOCK, THIRD PARTY DEFENDANT

SCOTLAND NECK RESCUE SQUAD, INC., PLAINTIFF v. BEN BELL HARRIS,
DEFENDANT

WILLIAM KENNETH BAKER, PLAINTIFF v. BEN BELL HARRIS, DEFENDANT

No. 843SC1105

(Filed 2 July 1985)

1. **Evidence § 18— automobile accident—audiology expert—voir dire proper**

In an action arising from a collision with an ambulance at an intersection,
the court did not err by allowing plaintiff to examine appellants' expert in
audiology on *voir dire*. The expert intended to testify as to the results of an
experiment and the court needed to determine whether the experiment was
made under conditions substantially similar to those prevailing at the time of
the occurrence involved in this action and whether the result of the experi-
ment had a legitimate tendency to prove or disprove an issue arising out of
the occurrence.

2. **Automobiles and Other Vehicles §§ 45, 45.6— cross-examination of driver—use
of diagram—no error**

In an action arising out of a collision with an ambulance, there was no er-
ror in permitting the driver of the ambulance to be cross-examined about how
far south of the intersection he stopped and to illustrate his testimony with a
scale diagram. Appellants incorrectly assigned error to the testimony of the
wrong witness, the evidence was within the scope of the direct examination,
and the diagram was properly used to illustrate the testimony.

3. **Automobiles and Other Vehicles § 45.2; Negligence § 27.2— collision with am-
bulance at intersection—testimony concerning ambulance at prior intersection**

In an action arising from a collision with an ambulance at an intersection,
the court did not err by admitting the testimony of a witness who saw the am-
bulance run a red light at high speed without its yelper at the intersection im-
mediately prior to the scene of the collision. The testimony did not involve an
act of negligence on a prior unrelated occasion and the testimony was properly
offered in rebuttal to impeach the ambulance driver by evidence of conduct in-
consistent with his testimony at trial.

4. **Automobiles and Other Vehicles § 45— collision with ambulance—testimony
concerning other ambulances—properly admitted**

The trial court did not err in an action arising from a collision with an am-
bulance by admitting testimony that an eyewitness had observed other am-

Harris v. Scotland Neck Rescue Squad, Inc.

bulances pass through the intersection where the collision occurred or by stating in response to the objection "It's certainly a permissible subject." Appellants opened the door to that line of questioning, the evidence was relevant to show the standard of care to which the ambulance driver should have conformed, and there was no prejudice in the court saying that the evidence was admissible.

**5. Automobiles and Other Vehicles § 45.4— collision at intersection—testimony concerning traffic light—properly admitted**

In an action arising from a collision with an ambulance at an intersection, the trial court did not err by admitting testimony from the investigating officer that he could not determine any malfunction in the traffic lights on the afternoon of the accident or testimony from a witness who installed and maintained traffic signals that he had received no complaints about the light at that intersection. The installer was competent to so testify, and the officer's testimony was admissible as a fact within the officer's knowledge, as a shorthand statement of fact, and as a statement which was not an opinion on the ultimate issue to be decided by the jury.

**6. Evidence § 25— automobile accident—photographs properly admitted**

The trial court in an action arising from a collision with an ambulance did not err by admitting photographs as substantive rather than illustrative evidence. A proper foundation was laid for introducing the photographs as either illustrative or substantive evidence, appellants did not show prejudice, did not cite authority for their position, did not argue that the photographs were inflammatory and did not include the photographs as exhibits. G.S. 8-97.

**7. Automobiles and Other Vehicles § 90.10— collision with ambulance—instruction that testimony concerning ambulance siren not relevant to passenger in car—proper**

In an action arising from a collision with an ambulance in which appellants sought to prove that the negligence of the driver of the passenger car was the sole proximate cause of the collision, the court did not err by instructing the jury that testimony as to the condition and value of the ambulance, the location of the siren, and the distance over which it would be audible was not relevant to plaintiff's decedent, who was a passenger in the car. No claim of contributory negligence was asserted against plaintiff's decedent.

**8. Appeal and Error § 31.1; Death § 11— no objection to instruction at trial—plain error rule not applicable to civil actions**

In an action arising from a collision with an ambulance at an intersection, the appellants could not object on appeal to the court's instruction on the negligent beneficiary rule because they did not object at trial. The plain error rule is not applicable in a civil case.

**9. Trial § 9.2— conversation between parties and witnesses before jurors—no mistrial—no error**

The trial court did not err by failing to conduct further inquiry into a conversation between plaintiff and a juror where the record showed that the conversation was about collateral matters between parties and witnesses in the

presence of the jurors, appellants did not move for a mistrial, and appellants expressed satisfaction with the court's handling of the matter. The court was not under a duty to conduct further inquiry or declare a mistrial *ex mero motu* in this situation or when informed by plaintiff's counsel that he had early on cautioned his clients not to speak to jurors.

**10. Rules of Civil Procedure § 59— new trial for excessive damages denied—no abuse of discretion**

There was no manifest abuse of discretion in an action arising from a collision with an ambulance where the court denied appellants' motions to set aside the verdict, for judgment notwithstanding the verdict and for a new trial on the basis of excessive damages, even though the decedent was seventy-five years old at the time of death and the award was $323,333.

**11. Judgments § 55— prejudgment interest—no evidence of liability insurance—burden on defendant to show absence**

The trial court did not err by allowing prejudgment interest in an action arising from a collision with an ambulance where plaintiff presented no evidence that the rescue squad carried liability insurance covering the claim. Defendant had the burden of showing the absence of such insurance, the record reveals no presentation of evidence or statement to the trial court indicating that the rescue squad did not have liability insurance covering the claim, appellants did not assert the absence of liability insurance in their brief, and counsel for appellants declined during oral argument to state that the rescue squad was not covered. G.S. 20-309 *et seq.*

**12. Judgments § 55— prejudgment interest—accrues from filing of complaint rather than service**

The trial court did not err by allowing prejudgment interest for the period prior to the time appellants were served with a valid complaint. G.S. 24-5 allows prejudgment interest to accrue from the time the action was instituted, and G.S. 1A-1, Rule 3 provides that an action is commenced by filing a complaint.

**13. Judgments § 55; Constitutional Law §§ 19, 23.1— prejudgment interest—constitutional**

G.S. 24-5, which allows prejudgment interest, does not violate Art. I, §§ 19 and 32 of the North Carolina Constitution or the equal protection and due process clauses of the Fourteenth Amendment to the U. S. Constitution.

APPEAL by Scotland Neck Rescue Squad, defendant and third party plaintiff, and William Kenneth Baker, defendant, third party plaintiff, and plaintiff, from *Lewis, John B., Jr., Judge.* Judgment entered 15 December 1983 in Superior Court, PITT County. Heard in the Court of Appeals 13 May 1985.

*Blount and White, by Marvin Blount, Jr., and Charles Ellis, for plaintiff appellee.*

*Morris, Rochelle, Duke & Braswell, P.A., by Thomas H. Morris and Edwin M. Braswell, Jr., for appellants.*

WHICHARD, Judge.

This action arises out of a collision at an intersection between an ambulance owned by Scotland Neck Rescue Squad (Rescue Squad), which was being driven by William Kenneth Baker (Baker), and a passenger vehicle driven by Ben Bell Harris (Harris), the husband of plaintiff's decedent. Plaintiff's decedent, who died from injuries sustained in the collision, was riding in the passenger vehicle.

The jury found both drivers negligent and awarded plaintiff $500,000 which the court reduced to $323,333 under the negligent beneficiary rule, by which plaintiff's decedent's husband, as a beneficiary found negligent by the jury, is precluded from recovery. Rescue Squad and Baker appeal. We find no prejudicial error.

### Evidentiary Issues

[1] Appellants contend they were prejudiced when the court allowed plaintiff to examine their expert in audiology on *voir dire*. They argue that the *voir dire* enabled plaintiff to depose the witness and thereby avoid eliciting potentially harmful answers on cross-examination. There is no merit to this contention. The audiology expert intended to testify as to the results of an experiment. Before he could do so the court needed to determine in its discretion whether the experiment satisfied the requirements of *Mintz v. R.R.*, 236 N.C. 109, 114-15, 72 S.E. 2d 38, 43 (1952) (the experiment must be made under conditions substantially similar to those prevailing at the time of the occurrence involved in the action and the result of the experiment must have a legitimate tendency to prove or disprove an issue arising out of such occurrence). *See also Lea Co. v. Board of Transportation*, 57 N.C. App. 392, 400-01, 291 S.E. 2d 844, 850 (1982), *affirmed*, 308 N.C. 603, 304 S.E. 2d 164 (1983). Thus, the court properly allowed *voir dire*.

[2] Appellants contend the court erred in permitting Baker to be cross examined as to how far south of the intersection he stopped the ambulance, illustrating his testimony with a diagram where

one inch equalled twenty feet. Appellants argue that no evidence was introduced concerning the accuracy of the scale of the diagram. This contention is without merit. First, appellants incorrectly assign this error to testimony of Baker when the record shows that the testimony is actually that of Susan Edwards. Second, the evidence elicited on cross-examination was within the scope of the witness' testimony on direct examination. Third, the diagram was properly used to illustrate her testimony. We find no abuse of the court's discretion in admitting this testimony. 1 Brandis, *North Carolina Evidence* Sec. 42 at 162-63 (2d Revised Edition 1982); *see also State v. Bumper*, 275 N.C. 670, 674, 170 S.E. 2d 457, 460 (1969).

Appellants contend the court erred by not limiting plaintiff's cross-examination of Baker. We find that the court acted within its discretion. *See McCorkle v. Beatty*, 226 N.C. 338, 341-42, 38 S.E. 2d 102, 105 (1946); *see also Bumper*, 275 N.C. at 674, 170 S.E. 2d at 460.

[3] Appellants contend the court erred in admitting the testimony of Gary Davis, a witness who stated that he saw the ambulance run a red light at a high rate of speed without its yelper on at the intersection immediately prior to the scene of the collision. Appellants argue that this testimony falls within the rule that evidence of acts of negligence on prior unrelated occasions is not competent to prove a driver's negligence on the present occasion. *Mason v. Gillikin*, 256 N.C. 527, 532, 124 S.E. 2d 537, 540 (1962). We disagree that the evidence falls within this rule. Davis' testimony was as to Baker's negligence on this occasion, not a prior occasion. In addition, Baker testified that he was driving forty-five miles per hour, slowed to thirty miles per hour as he reached the intersection before the one at which the collision occurred, and put on his yelper at that point. The testimony of Davis was thus properly offered in rebuttal to impeach Baker by evidence of conduct inconsistent with his testimony at trial. 1 Brandis, *supra*, Sec. 46 at 176.

[4] Appellants contend the court erred in allowing William Eakes, an eyewitness, to testify that he had observed other ambulances pass through the intersection where the collision occurred and that the court erred in stating in response to appellants' objection to this testimony, "It's certainly a permissible subject."

Appellants' first assignment of error as to Eakes' testimony is overruled for two reasons: appellants opened the door to this line of questioning by eliciting testimony from Eakes concerning other ambulances and whether their sirens were on; and the evidence was relevant to show the standard of care to which Baker should have conformed when travelling through the intersection. Brandis, *supra*, Sec. 89 at 335. *See, e.g., Fox v. Texas Co.,* 180 N.C. 543, 545-46, 105 S.E. 437, 438 (1920) (evidence that a similar accident was avoided by ordinary care admissible to show want of care); *Murdock v. R.R.,* 159 N.C. 131, 74 S.E. 887 (1912) (plaintiff in negligence action allowed to testify as to care exercised by other railroads). Appellants' second assignment of error as to the court's comment is also without merit. The testimony was admissible and there was no prejudice to appellants in the court saying so.

[5] Appellants contend the court erred in admitting testimony of an investigating officer that he examined the traffic signal the afternoon of the accident and "could not determine any malfunction in the lights." Appellants' objection may not have been timely since it was not made until after the officer had answered the question asking him the result of his checking. *Medford v. Davis,* 62 N.C. App. 308, 310, 302 S.E. 2d 838, 840, *disc. rev. denied,* 309 N.C. 461, 307 S.E. 2d 365 (1983). Assuming, *arguendo,* that the objection was timely, we find the testimony admissible: as a fact within the officer's knowledge; as a permissible shorthand statement of a fact impractical to describe in detail, *id;* and as a statement which was "not an opinion on the ultimate issue to be decided by the jury." *Id.* This assignment of error is thus overruled.

Without citing authority, appellants contend the court erred in allowing a witness who maintained and installed traffic signals to testify that he had received no complaints about the light at the intersection where the collision occurred. We find that the witness was competent to so testify and that the evidence was admissible. *See* 1 Brandis, *supra,* Sec. 82.

[6] Appellants assign as error the court's admission of several photographs as substantive rather than illustrative evidence. They cite no authority for their position. They do not argue that the photographs are inflammatory and do not include the photographs as exhibits. It appears from the record that a proper foun-

dation was laid for introducing the photographs as either illustrative or substantive evidence. G.S. 8-97 (effective 1 October 1981). Moreover, appellants have failed to show prejudice. This assignment of error is therefore overruled.

Appellants contend the court erred in permitting plaintiff to ask certain leading questions. Appellants have not shown prejudice therefrom and we find no abuse of discretion by the court. This assignment of error is without merit.

## Jury Instructions

[7] At trial appellants sought to prove that the negligence of Harris was the sole proximate cause of the collision. To that end they offered testimony as to the condition and value of the ambulance, the location of the siren, and the distance over which it would be audible. Without citing authority, appellants assign as error the court's instruction that this evidence related to Harris but did not relate to plaintiff's decedent. We find the instruction proper. Since no claim of contributory negligence was asserted against plaintiff's decedent, evidence as to the value of the ambulance, the location of the siren, or the distance over which the siren could be heard could not be relevant as to her. We do not believe the instruction precluded the jury from finding that Harris' negligence was the sole proximate cause of the accident.

[8] Appellants assign error to the court's instruction on the negligent beneficiary rule and its application in this case. Since appellants did not object at trial, however, they may not now object on appeal. N.C. Rules of Appellate Procedure, Rule 10(b)(2). Contrary to appellants' contention, the plain error rule, *State v. Odom*, 307 N.C. 655, 659, 300 S.E. 2d 375, 378 (1983), is not applicable in a civil case. *Durham v. Quincy Mutual Fire Ins. Co.*, 311 N.C. 361, 367, 317 S.E. 2d 372, 377 (1984). This assignment of error is thus without merit.

Appellants' contention that they were prejudiced by the court's failure to conduct a charge conference pursuant to Rule 21 of the *General Rules of Practice for the Superior and District Courts* is also without merit. The record clearly reveals that the court complied with the rule.

## Motions

[9]   Appellants assign error to the court's failure to conduct fur-
ther inquiry into "a conversation between plaintiff and [a] juror."
As plaintiff notes and the record shows, however, the alleged con-
versation was not between a party and a juror but was a con-
versation concerning collateral matters between parties and
witnesses in the presence of jurors. Further, appellants did not
move for a mistrial and on the record expressed satisfaction with
the court's handling of the matter. We find no authority, and ap-
pellants cite none, that imposes a duty on the court in this situa-
tion to conduct further inquiry or declare a mistrial *ex mero
motu*. For the same reasons we find no merit in appellants' con-
tention that the court erred in failing to declare a mistrial *ex
mero motu* when informed by plaintiff's counsel that he had early
on cautioned his clients not to speak to jurors. Appellants mis-
read this cautionary remark by plaintiff's counsel as an admission
that actual conversations between clients and witnesses took
place. That they did not is clear from the record.

[10]   Appellants contend the court erred in denying their motions
to set aside the verdict, for judgment notwithstanding the ver-
dict, and for a new trial. Each motion was made on the grounds
that the damages awarded were excessive. Appellants argue that
because plaintiff's decedent was seventy-five years old at the time
of death, the award of $323,333 to her two adult sons was in ex-
cess of the value of the loss of her services, protection, society,
comfort, and guidance. Citing *Worthington v. Bynum*, 305 N.C.
478, 290 S.E. 2d 599 (1982), appellants contend the court's denial
of their motions to set aside the verdict and for a new trial
amounts to a "substantial miscarriage of justice."

In reviewing a trial court's discretionary ruling either grant-
ing or denying a motion to set aside the verdict and order a new
trial, we are virtually prohibited from intervening, *Pearce v.
Fletcher*, 74 N.C. App. 543 (1985); appellate review "is strictly
limited to the determination of whether the record affirmatively
demonstrates a manifest abuse of discretion by the judge." *Id.*
citing *Worthington*, 305 N.C. at 482, 290 S.E. 2d at 602. After a
careful review of the record we find no such manifest abuse of
discretion. We also find that the evidence viewed in the light
most favorable to plaintiff was sufficient to sustain the verdict,

*Investment Properties v. Allen*, 281 N.C. 174, 184-85, 188 S.E. 2d 441, 447-48 (1972), and that, therefore, the court properly denied appellants' motion for judgment notwithstanding the verdict.

### Prejudgment Interest

[11]   Appellants contend the court erred by allowing prejudgment interest since G.S. 24-5 permits such only on claims covered by liability insurance and plaintiff presented no evidence that Rescue Squad carried liability insurance covering this claim. We do not believe G.S. 24-5 requires plaintiff to present such evidence. Indeed, the law prohibits plaintiff from introducing such evidence at trial. *Fincher v. Rhyne*, 266 N.C. 64, 145 S.E. 2d 316 (1965) (evidence of liability insurance is prejudicial and entitles movant to a new trial); *Lytton v. Manufacturing Co.*, 157 N.C. 331, 72 S.E. 1055 (1911). In light of the statutory requirement of financial responsibility, G.S. 20-309 *et seq.*, which is generally met through liability insurance, we hold that defendant had the burden of showing the absence of such insurance. The record reveals no presentation of evidence or statement to the trial court indicating that Rescue Squad does not have liability insurance covering this claim. Appellants have not asserted the absence of liability insurance in their brief in this Court; at oral argument counsel for appellants, upon specific questioning, declined to state that Rescue Squad is not so covered. This assignment of error is therefore overruled.

[12]   Appellants contend the court erred in allowing prejudgment interest for the period prior to the time they were served with a valid complaint. G.S. 24-5 allows prejudgment interest to accrue "from the time the action is instituted." G.S. 1A-1, Rule 3 provides, that "[a] civil action is commenced by filing a complaint with the court." Here plaintiff filed his complaint on 4 June 1982. Thus the action was instituted on 4 June 1982 and the court properly allowed prejudgment interest to accrue from that time.

[13]   Appellants contend that G.S. 24-5 violates Art. I, Sections 19 and 32 of the North Carolina Constitution and the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. Our Supreme Court has resolved these arguments adversely to appellants in *Lowe v. Tarble*, 312 N.C. 467, 323 S.E. 2d 19 (1984) and *Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984).

Craven County Hosp. Corp. v. Lenoir County

We conclude that this trial was free from prejudicial error and that judgment was properly entered for plaintiff.

No error.

Chief Judge HEDRICK and Judge WEBB concur.