Phelps v. Duke Power Co.

As to defendant's appeal—no error.

Chief Judge HEDRICK and Judge ORR concur.

---

JOSEPH M. PHELPS v. DUKE POWER COMPANY

No. 8615SC1311

(Filed 21 July 1987)

1. **Damages § 13.2— expert economic testimony on impaired future earning capacity—expert medical testimony as to causation unnecessary**

   In an action to recover damages for personal injuries sustained when plaintiff received an electrical shock from defendant's high voltage power line, there was no merit to defendant's contention that expert economic testimony on the issue of impaired future earning capacity was inadmissible absent independent expert medical testimony establishing the cause of plaintiff's disability, since plaintiff's testimony that prior to the accident he farmed at least 12 hours per day without tiring but that, after the accident, his diminished capacity to farm owing to fatigue forced him to farm less and to give up farming his tobacco crop was sufficient, standing alone, to establish causation.

2. **Interest § 2; Judgments § 55— prejudgment interest—failure to raise issue in trial court**

   Plaintiff could not argue for the first time on appeal that the trial court should have awarded prejudgment interest from the date his action was instituted to the extent that defendant had liability insurance covering plaintiff's claim; however, notwithstanding plaintiff's failure to raise the question of liability insurance, the court should have awarded interest from the date a directed verdict was entered in the first trial against plaintiff's negligence claim. N.C.G.S. § 24-5.

APPEAL by defendant from *Battle, Judge.* Judgment entered 10 June 1986 in ORANGE County Superior Court. Heard in the Court of Appeals 12 May 1987.

Plaintiff, a farmer, brought this action on 19 November 1982 seeking to recover damages for personal injuries sustained on 23 November 1979 when he received an electrical shock from defendant's high voltage power line. Plaintiff alleged that his injuries from this accident were caused by defendant's negligence.

The case was tried before a jury. At the close of plaintiff's evidence, the court granted defendant's motion for a directed ver-

dict. Plaintiff appealed. This Court held that the trial court erred in directing a verdict for defendant on the issue of negligence and awarded plaintiff a new trial on this issue in *Phelps v. Duke Power Co.*, 76 N.C. App. 222, 332 S.E. 2d 715, *disc. rev. denied*, 314 N.C. 668, 336 S.E. 2d 401 (1985). Reference is made to that opinion for the additional factual background of this case.

On remand, the case was tried again before a jury. At trial, plaintiff presented evidence through expert medical testimony that he suffers from post-traumatic stress syndrome resulting from his exposure to electrical shock in the 23 November 1979 accident. Post-traumatic stress syndrome is a type of mental disorder involving the development of characteristic symptoms following a psychologically traumatic event. Some of these characteristic symptoms include a re-experiencing of the traumatic event and a numbing of responsiveness to, or reduced involvement with, the external world.

Plaintiff presented evidence that, since the accident, he is easily fatigued and short-winded and, overall, his endurance and physical strength have been greatly reduced. Prior to the accident, plaintiff farmed at least twelve hours per day without getting tired. Since the accident, plaintiff only has been able to farm for six to eight hours and must take naps each day. Plaintiff testified that, owing to his reduced endurance, he is no longer able to farm his tobacco crop as he had done prior to the accident. Plaintiff's experts opined that plaintiff's symptoms were consistent with post-traumatic stress syndrome.

Over defendant's objection, the court permitted plaintiff to present expert testimony showing his economic damages from his inability to farm his tobacco crop.

The jury returned a verdict for plaintiff finding defendant negligent and awarding plaintiff $600,000 in damages for personal injuries. The trial court entered judgment in accordance with the verdict, ordering plaintiff to recover $600,000 with interest from 9 June 1986, the date of the jury's verdict. Defendant appealed.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by Douglas Hargrave, G. Nicholas Herman and Alonzo B. Coleman, Jr., for plaintiff-appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by Joel M. Craig; Cheshire & Parker, by Lucius M. Cheshire; and William I. Ward, Jr., for defendant-appellant.*

WELLS, Judge.

### Defendant's Appeal

[1]  Defendant's sole contention is that the court "erred in permitting the introduction of expert economic testimony on the issue of impaired future earning capacity, as plaintiff's evidence failed to establish a foundation for the recovery of such damages." Plaintiff offered the testimony of Dr. J. Carl Poindexter, an economics professor at North Carolina State University, to provide expert evidence on plaintiff's damages from his inability to farm tobacco since the accident. *Citing Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753 (1965) and its progeny, defendant contends Dr. Poindexter's testimony was inadmissible absent independent expert medical testimony establishing the cause of plaintiff's disability. We disagree.

Defendant's argument overlooks the well-established principle in North Carolina that, in many instances, lay testimony is competent to establish the cause of an injured plaintiff's disability. *McGee v. Insurance Co.,* 51 N.C. App. 72, 275 S.E. 2d 212, *disc. rev. denied,* 303 N.C. 181, 280 S.E. 2d 452 (1981); *Goble v. Helms,* 64 N.C. App. 439, 307 S.E. 2d 807 (1983), *disc. rev. denied,* 310 N.C. 625, 315 S.E. 2d 690 (1984); Brandis, N.C. Evidence, Sec. 129 (2d rev. ed. 1982). The recent North Carolina Rules of Evidence do not change this rule. *See* N.C. Gen. Stat. § 8C-1, Rule 701. Plaintiff testified that, prior to the accident, he farmed at least twelve hours per day without getting tired, but that, after the accident, his diminished capacity to farm owing to fatigue has forced him to farm less and to give up farming his tobacco crop. We hold that this testimony, standing alone, is sufficient to establish causation. *McGee, supra.* Plaintiff here actually more than satisfied his burden of showing causation by presenting, in addition to his own testimony, the testimony of family members and a number of friends and expert medical testimony linking his injuries from the accident to his disability.

Having presented sufficient evidence of causation, plaintiff thus was entitled to introduce expert evidence on his damages from this disability. *See* N.C. Gen. Stat. § 8C-1, Rule 104(b). Accordingly, we hold that the Court did not err in admitting the testimony of Dr. Poindexter.

### Plaintiff's Cross-Assignment of Error

**[2]** Pursuant to N.C.R. App. Proc. 10(d), plaintiff attempts to cross-assign as error the court's award of interest from the date of the jury's verdict. Plaintiff maintains that (1) to the extent defendant had liability insurance covering plaintiff's claims, the court should have awarded interest on the judgment from the date the action was instituted instead of from the date the jury reached a verdict and (2) for that portion of the judgment not covered by liability insurance, the court should have awarded interest from 31 May 1984, the date a directed verdict was entered in the first trial against plaintiff's negligence claim. Plaintiff's cross-assignment of error constitutes an attack on the judgment and not an alternative basis in law for supporting the judgment. Ordinarily, this type of conditional appeal is not allowed. Rule 10(d) of the North Carolina Rules of Appellate Procedure; *Stevenson v. Dept. of Insurance*, 45 N.C. App. 53, 262 S.E. 2d 378 (1980). However, by order of this Court dated 4 May 1987 we allowed plaintiff's motion pursuant to Rule 2 for review of his cross-assignment of error by writ of certiorari under Rule 21(a).

The applicable statute governing prejudgment interest in the instant case is former N.C. Gen. Stat. § 24-5 (1983 Cum. Supp.) prior to its amendment in 1985. *See* 1985 N.C. Session Laws, ch. 214. Former G.S. § 24-5 provides, in pertinent part, that:

> The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

Based on this statute, plaintiff now argues for the first time on appeal that the trial court should have awarded prejudgment interest from the date his action was instituted, to the extent that defendant had liability insurance covering plaintiff's claim.

However, plaintiff did not address the question of liability insurance at trial. He neither presented any evidence nor made any request for findings on this issue. Accordingly, we hold that, because plaintiff failed to raise this issue at trial, he is now precluded from raising it for the first time on appeal.

We further hold, however, that, notwithstanding plaintiff's failure to raise the question of liability insurance, the court should have awarded interest from 31 May 1984, the date a directed verdict was entered in the first trial against plaintiff's negligence claim. *See Jackson v. Gastonia*, 247 N.C. 88, 100 S.E. 2d 241 (1957). Accordingly, we vacate that portion of the judgment ordering plaintiff to recover interest on the judgment from 9 June 1986, the date of the jury's verdict in the second trial, and remand the cause for entry of a judgment ordering plaintiff to recover $600,000 with interest from 31 May 1984, the date a directed verdict was entered in the first trial against plaintiff's negligence claim.

No error in part, vacated in part, and remanded.

Judges ARNOLD and ORR concur.