Phelps v. Duke Power Co.

---

---

JOSEPH M. PHELPS v. DUKE POWER COMPANY

No. 464PA87

(Filed 9 February 1989)

**Interest § 2; Judgments § 55— negligence action—prejudgment interest**

In a negligence action arising from plaintiff's combine coming into contact with defendant's power lines in which the trial court first allowed defendant's motion for a directed verdict, the Court of Appeals reversed, the jury answered the liability issues favorably for plaintiff, and the trial court awarded interest from the date of the verdict, the Court of Appeals erred by holding that the trial court should have awarded interest from the date of the directed verdict in defendant's favor. Former N.C.G.S. § 24-5, under which this case was decided, was obviously meant to change the common law rule so that tort damages reduced to judgment would bear interest from the time the action

was commenced, provided the damages ordered to be paid were covered by liability insurance. In cases such as this, where liability insurance is not statutorily required, it is the court's duty on its own motion to inquire of the defendant regarding the existence of any liability insurance which could cover the damages awarded and the duty of defendant to respond fully and adequately to the trial court's inquiry. This case was remanded for determination by this procedure of the existence, if any, of defendant's liability insurance.

ON defendant's petition for discretionary review of a decision of the Court of Appeals, 86 N.C. App. 455, 358 S.E. 2d 89 (1987), vacating in part a judgment entered by *Battle, J.*, presiding at the 27 May 1986 Civil Session of Superior Court, ORANGE County, and remanding for the entry of judgment as directed by the Court of Appeals' opinion. Heard in the Supreme Court 14 March 1988.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave by G. Nicholas Herman and Douglas Hargrave for plaintiff appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon by E. Bryson, Jr. and Joel M. Craig; Cheshire & Parker by Lucius M. Cheshire for defendant appellant.*

EXUM, Chief Justice.

The questions raised here relate to the awarding of prejudgment interest under former N.C.G.S. § 24-5 (1983 Cum. Supp.) before it was rewritten by Chapter 214 of the 1985 Session Laws.[1] Former N.C.G.S. § 24-5 provided:

---

1. Former N.C.G.S. § 24-5, under which this appeal is decided, appears *infra* in the text. This statute was substantially rewritten, as the text states, in 1985 and is codified as N.C.G.S. § 24-5(b) (1986) as follows:

(b) Other Actions.—In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

Chapter 214, section 2 of the 1985 Session Laws provides that the new statutes shall become effective 1 October 1985 and shall not affect pending litigation.

The version of N.C.G.S. § 24-5 (1983 Cum. Supp.) with which we here deal will be referred to hereinafter in the opinion as simply "former N.C.G.S. § 24-5." There were versions of this statute which predate the version now before us. These earlier versions are generally referred to as such later in the opinion.

The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. The portion of all money judgments designated by the factfinder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

Plaintiff filed complaint on 19 November 1982, alleging that he was injured on 23 November 1979 when a combine being operated by him contacted defendant's power line, causing plaintiff to suffer severe electrical shock and serious electrical burns which, in turn, caused him substantial injury and damages. Defendant answered, denying negligence.

The case first came on for trial in May 1984 when at the close of plaintiff's evidence the trial court allowed defendant's motion for a directed verdict. The Court of Appeals reversed. *Phelps v. Duke Power Co.*, 76 N.C. App. 222, 332 S.E. 2d 715 (1985), *disc. rev. denied*, 314 N.C. 668, 336 S.E. 2d 401 (1985).

At retrial before Judge Battle, from which this appeal is taken, the jury returned its verdict on 9 June 1986, answering the liability issues favorably to plaintiff and assessing plaintiff's damages at $600,000. Judge Battle denied defendant's motion for judgment notwithstanding the verdict and entered judgment on the verdict on 10 June 1986. The judgment ordered that the amount awarded, $600,000, would accrue interest from 9 June 1986, the date of the verdict. Defendant appealed.

In the Court of Appeals defendant presented in its brief the single question whether the trial court erred in admitting the testimony of an economist proffered by plaintiff on the issue of plaintiff's damages. The Court of Appeals found no error in the admission of this testimony.

Plaintiff cross-assigned as error the trial court's "limiting the award of interest on the judgment from the date of the judg-

ment." Plaintiff argued in the Court of Appeals that, pursuant to former N.C.G.S. § 24-5, the trial court should have awarded interest on the judgment from the date the action was instituted to the extent defendant had liability insurance covering plaintiff's claims. For that portion of the judgment not covered by liability insurance, plaintiff argued, the trial court should have awarded interest from 31 May 1984, the date the directed verdict was entered against plaintiff at the first trial. The Court of Appeals first concluded that because plaintiff's cross-assignment of error constituted an attack on the judgment itself "and not an alternative basis in law for supporting the judgment," it was not, under Appellate Procedure Rule 10(d), a proper vehicle for bringing forward plaintiff's challenge to the interest awarded. 86 N.C. App. at 458, 358 S.E. 2d at 91. The Court of Appeals elected, pursuant to Appellate Procedure Rule 2, to treat plaintiff's cross-assignment of error as a petition for writ of certiorari under Appellate Procedure Rule 21 and to issue its writ in order to address the prejudgment interest question.

The Court of Appeals decided: (1) Since plaintiff had not raised at trial the question of his entitlement to interest on the basis of defendant's having liability insurance, he was precluded from raising it for the first time on appeal. (2) The trial court should have awarded interest from 31 May 1984, the date of the directed verdict in defendant's favor (ultimately reversed) at the first trial.

The Court of Appeals vacated that portion of the trial court's judgment awarding interest from 9 June 1986, the date of the jury verdict in the second trial, and remanded the matter for entry of judgment awarding interest from 31 May 1984, the date of the ultimately reversed directed verdict in defendant's favor.

We allowed defendant's petition for further review of the Court of Appeals' decision that plaintiff was entitled to interest from the date of the directed verdict. We now reverse that decision and remand for further proceedings consistent with this opinion.

We are confident, contrary to the holding of the Court of Appeals, that the legislature intended the words "from the time of the verdict" to mean the verdict upon which judgment in favor of plaintiff was rendered.

In determining the legislature's intent the court should consider the act as a whole, "the language of the statute, the spirit of the act and what the act seeks to accomplish." *Town of Emerald Isle v. State of N. C.*, 320 N.C. 640, 654, 360 S.E. 2d 756, 764 (1987); *accord, In re Arthur*, 291 N.C. 640, 231 S.E. 2d 614 (1977); *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972). A court may consider the "circumstances surrounding [the statute's] adoption which throw light upon the evil sought to be remedied." *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 399, 269 S.E. 2d 542, 561 (1980); *accord, Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E. 2d 548 (1967).

It is clear that the purpose of former N.C.G.S. § 24-5 was to change the common law rule with reference to the accrual of interest on tort claims reduced to judgment. At common law prejudgment interest was not awarded on damages recovered for personal injuries. *Penny v. R.R.*, 161 N.C. 523, 77 S.E. 774 (1913). The statutes which preceded former N.C.G.S. § 24-5 did not address the question of prejudgment interest on claims other than contract. They provided simply that these claims when reduced to judgment would bear interest from the time of the judgment. *See* N.C.G.S. § 24-5 (Replacement 1965) and its predecessors. Former N.C.G.S. § 24-5 was obviously meant to change the common law rule so that tort damages reduced to judgment would bear interest from the time the action was commenced provided the damages ordered to be paid were covered by liability insurance. The legislature, it seems clear to us, did not intend to change the rule regarding the accrual of interest on tort claims not covered by liability insurance.

For its holding that plaintiff was entitled to interest from the time of the directed verdict, ultimately reversed, in favor of defendant, the Court of Appeals relied on *Jackson v. Gastonia*, 247 N.C. 88, 100 S.E. 2d 241 (1957).

*Jackson* involved an action for tortious conversion of a water and sewer system in a suburban real estate development. Most of the material facts, including the amount of damages, were stipulated; the parties waived jury trial; and the matter was submitted to the trial court for determination of the facts and law. The trial court entered judgment of nonsuit against plaintiffs. On appeal this judgment was reversed and judgment ordered to be entered

for plaintiffs. *Jackson v. Gastonia*, 246 N.C. 404, 98 S.E. 2d 444 (1957). When, on remand, the trial court entered judgment for plaintiffs, it ordered interest on the stipulated damages from the filing of the complaint. Defendant appealed the award of interest. On this second appeal, the Court held that interest under the facts before it would ordinarily be figured from the first day of the term at which judgment in plaintiffs' favor was rendered. The Court held further that since judgment should have been rendered in plaintiffs' favor at the first trial, "in so far as plaintiffs' right to recover interest is concerned, the judgment as entered below after remand will be treated as having been entered at the 10 December, 1956 Term of Court [the term at which the first trial was conducted], and the plaintiffs' recovery will bear interest from the first day of that term." *Jackson*, 247 N.C. at 90, 100 S.E. 2d at 242.

*Jackson* does not control here. *Jackson* did not construe former N.C.G.S. § 24-5. *Jackson* applied common law rules governing interest assessable in actions for conversion in addition to a predecessor of former N.C.G.S. § 24-5 — a statute which did not use the term "verdict" but provided simply that judgments entered in actions other than contract bore interest from the time of the judgment. *See* N.C.G.S. § 24-5 (Replacement 1965). As the *Jackson* Court expressly recognized, juries at common law in conversion cases were permitted to assess interest from the time of the conversion. *Jackson v. Gastonia*, 247 N.C. at 90, 100 S.E. 2d at 242. *See also Lance v. Butler*, 135 N.C. 419, 47 S.E. 488 (1904); *Stephens v. Koonce*, 103 N.C. 266, 9 S.E. 315 (1889). Finally, *Jackson* involved essentially resolutions of questions of law on stipulated facts and liquidated, stipulated damages.

The case before us involves essentially factual questions regarding both defendant's negligence and the amount of damages, all of which a jury was required ultimately to determine. Until a jury made these determinations there was no basis for the award of interest. Even if the trial court at the first trial had not entered a directed verdict for defendant and had permitted the case to go to the jury, we cannot be certain that that jury would have returned a verdict for plaintiff. As this Court noted in *Penny*:

. . . [Prejudgment] interest is not recoverable on the damages awarded in actions for torts to the person, because the damages in such cases are in large measure discretionary with the jury and are not ascertainable with reference to a pecuniary standard. [Citation omitted.]

The universal principle deduced from all the precedents is that a personal injury does not create a debt and does not become one until it is judicially ascertained . . . . We do not find a single dissenting case to that proposition.

*Penny*, 161 N.C. at 526, 77 S.E. at 776-77.

Plaintiff continues to contend before us, as he did in the Court of Appeals, that he is entitled to interest under former N.C.G.S. § 24-5 from the time the action was begun. Plaintiff argues that in the absence of any showing in the trial court regarding defendant's liability insurance, there should be a presumption that defendant has such insurance which will cover the damages awarded, and prejudgment interest should, under the statute, be awarded accordingly. At least, plaintiff contends, the matter should be remanded to the trial court for a determination of the existence of defendant's liability insurance, if any, and, depending on the outcome of this determination, interest awarded accordingly. We disagree with the first, but agree with the second, of plaintiff's arguments.

Plaintiff relies on *Harris v. Scotland Neck Rescue Squad, Inc.*, 75 N.C. App. 444, 331 S.E. 2d 695, *disc. rev. and stay denied*, 314 N.C. 329, 333 S.E. 2d 486-87 (1985), to support his argument that in the absence of any showing in the trial court regarding a defendant's liability insurance, interest should be awarded under former N.C.G.S. § 24-5 as if defendant had insurance covering the damages awarded, *i.e.* from the time the suit was begun. *Harris* was an action for damages arising out of an automobile collision. In this context the Court of Appeals held that under the prejudgment interest statute when the record is silent on the question of the existence of liability insurance, interest should be figured from the date of the filing of the complaint, this being the time when the action was "instituted." The Court of Appeals said:

In light of the statutory requirement of financial responsibility, G.S. 20-309 *et seq.*, which is generally met through liability insurance, we hold that defendant had the burden of showing the absence of such insurance.

*Harris*, 75 N.C. App. at 452, 331 S.E. 2d at 701.

Whatever the merits of the *Harris* rule in the context of statutorily mandated automobile liability insurance, we conclude it should not be applied in cases, such as the one before us, where liability coverage is not statutorily required. We hold in these kinds of cases when plaintiff recovers judgment, it is the trial court's duty, on its own motion, to inquire of the defendant regarding the existence of any liability insurance which could cover the damages awarded. It is the defendant's duty to respond fully and accurately to the trial court's inquiry. In almost all cases there should be no controversy about the existence and extent of defendant's liability insurance, and this procedure should satisfactorily resolve the matter. If there is controversy about defendant's liability insurance, plaintiff, of course, should be given an opportunity to be heard. Evidence, if needed, may be taken and the matter resolved by the trial court, if necessary, by the usual findings of fact and conclusions of law with plaintiff having the burden to establish the existence and the extent of the insurance. We remand this case for determination by this procedure of the existence, if any, of defendant's liability insurance.

To the extent that defendant here has liability insurance which covers the damages awarded plaintiff, as determined by the trial court, plaintiff, pursuant to the prejudgment interest statute, shall be awarded interest from the date the complaint was filed. To the extent that defendant has no liability insurance which covers the damages awarded, plaintiff shall be awarded interest from the day the verdict was entered against defendant. *See Wagner v. Barbee and Seiler v. Barbee,* 82 N.C. App. 640, 347 S.E. 2d 844 (1986), *disc. rev. denied,* 318 N.C. 702, 351 S.E. 2d 761 (1987).

For the foregoing reasons, the decisions of the Court of Appeals that (1) plaintiff is not entitled to interest on the basis that defendant had liability insurance because the matter was not raised at trial and (2) plaintiff is entitled to interest from the date of the directed verdict in favor of defendant are reversed. The case is remanded to the Court of Appeals for remand to the Superior Court, Orange County, for further proceedings consistent with this opinion.

Reversed and remanded.